JACK CROSS V. JOHN D. FREEMAN, ADMINISTRATOR.

Decided December 20, 1899.

**1. Landlord and Tenant—Failure of Title.**

Any competent person may bind himself by contract to pay rent for the use of property to which the lessor has no title or right, and it is no defense to such contract to show that the lessor had no title and the tenant may be liable to the true owner for rent.

**2. Vendor and Vendee—Failure of Title.**

In the absence of fraud on the part of the vendor, a vendee under an executory sale of land which could not be completed because the title was not satisfactory to him, could not recover damages for failure of the vendor to carry out the contract.

ERROR to McLennan. Tried below before Hon. MARSHALL SURRATT.

*Eugene Williams,* for plaintiff in error.

*Felix H. Robertson,* for defendant in error.

KEY, ASSOCIATE JUSTICE.—This is the second time this case has been before this court. (19 Texas Civil Appeals, 428.) It was held on the former appeal that the contract sued on did not bind the defendant to pay rent for the land, unless the title of the Freeman estate had failed. At the last trial, both parties alleged such failure of title, but the defendant alleged that he was induced to make the contract by certain false representations made by the plaintiff, concerning the title to the land, and made for the purpose of deceiving and defrauding him.

The trial court instructed the jury, in substance, that the contract was binding upon the defendant and obligated him to pay rent for the land cultivated at the rate of $3 per acre, unless the jury should find that the plaintiff made the fraudulent representations referred to, with intent to deceive and defraud, etc., in which event, they should return a verdict for the defendant.

The court also gave proper instructions in reference to so much of the defendant's plea of set-off and cross-action as remained after sustaining exceptions to certain portions thereof.

However unwise it may be to do so, we think any person competent to contract may, in the absence of fraud, bind himself to pay rent for the use of property to which the lessor has no title or right, and it is no defense to such a contract to say that the lessor had no title, and the tenant may be liable to the true owner for rent. Our ruling was substantially to this effect on the former appeal, and we see no reason for changing it.

We also think the court ruled correctly on the plaintiff's exceptions to so much of defendant's answer as sought to hold the estate liable for damages resulting from the failure of the estate's title to the land.

The jury returned a verdict for the plaintiff, and judgment was ren-

dered thereon for $657.47. The evidence sustains this verdict, including the necessary finding that the plaintiff, the administrator of the Freeman estate, was not guilty of the fraud charged against him.

We have considered all the questions presented in the briefs, and finding no reversible error, the judgment will be affirmed.

*Affirmed.*