SCHLINKE v. DE WITT COUNTY et al.

(Court of Civil Appeals of Texas. San Antonio. Feb. 28, 1912.)

1. INJUNCTION (§ 118*)—ACTION—PLEADING.

In a suit for an injunction, the material elements which entitle plaintiff to relief must be alleged with sufficient certainty to negative every reasonable inference from the facts stated that he might not under other supposable facts connected with the subject be entitled to such relief.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*]

2. HIGHWAYS (§ 23*)—ESTABLISHMENT OF HIGHWAY—POWERS OF COUNTY COURT.

Under the general law, a county court can lay out a road on its own motion, and the road law for De Witt county (Acts 26th Leg. c. 147) gives the same power.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 31–34, 36; Dec. Dig. § 23.*]

3. HIGHWAYS (§ 42*)—LAYING OUT HIGHWAY—NECESSITY.

The determination by the county court that the laying out of a highway is necessary is valid, unless it is shown that the court either grossly abused or transcended its authority or neglected some requirement of law.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 27, 132–135; Dec. Dig. § 42.*]

4. PLEADING (§ 8*)—FACTS OR CONCLUSIONS.

The allegation, in a petition for an injunction, that plaintiff's land was being taken for a highway without just compensation, without stating any facts to show whether he received any compensation, and, if so, in what way it was unjust, is a mere conclusion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

5. EMINENT DOMAIN (§ 315*)—INJUNCTION—REVIEW OF AMOUNT OF DAMAGES.

On appeal in an action by a property owner to enjoin county officers from condemning land and laying out a highway, the district court has no power to review the amount of damages.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 829–833; Dec. Dig. § 315.*]

6. EMINENT DOMAIN (§ 295*)—INJUNCTION—PRESUMPTION AND BURDEN OF PROOF.

Where it is alleged, in an action by a property owner to enjoin the establishment of a highway across his land, that defendants have entered upon the land without authority of law, as plaintiff is informed and believes, and have caused a road to be surveyed and the premises to be condemned for road purposes, and that there has been a judgment of the county court for the condemnation of property, without alleging any facts which would show such condemnation proceedings to be illegal, a presumption arises that the order of the court was regular and legal, and such presumption is not rebutted by the pleader's contrary conclusion, upon information and belief, that such proceedings were without authority of law.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 803; Dec. Dig. § 295.*]

7. PLEADING (§ 48*)—GENERAL EXCEPTION—SUFFICIENCY OF ALLEGATIONS.

To sustain a petition against a general exception, it must allege sufficient facts to enable the court to see that a good cause of action exists, and not merely that it might exist.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 105, 106; Dec. Dig. § 48.*]

Appeal from District Court, De Witt County; John M. Green, Judge.

Action for an injunction by Charles A. Schlinke against De Witt County and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Davidson & Bailey, Geo. J. Schleicher, and Waldeck & Hartman, for appellant. Schleicher & Wallace, for appellees.

MOURSUND, J. Appellant, who was plaintiff below, obtained a temporary injunction against De Witt county, Rudolph Kleberg, Jr., the county judge of said county, and the county commissioners of said county, all of whom were joined as defendants. He alleged in his petition his ownership in fee simple and his actual possession of about 275 acres of land in De Witt county, describing same particularly, and that same was inclosed to itself, with such cross-fences only as were necessary to segregate the land used for farming purposes from that used for pasturage purposes; that such land was used by him for pasturage and farming purposes and was improved with wells, houses, fences, pens, and such other improvements of like nature and character as render it of great value to him for the purposes for which he used and enjoyed the same; that upon and across said land, and especially a particular portion thereof, which was described, the defendants are seeking to open and establish, and are about to open and establish, a second-class public road, and the description of said road was set out. Then follow allegations which we copy: "That the said defendants have entered upon said lands of this plaintiff as aforesaid without authority at law as he is informed and verily believes, and have caused said road to be surveyed, and said premises as aforesaid to be condemned for the purposes aforesaid, all of which this plaintiff is informed and verily believes is without authority of law, and are seeking and threatening to cut out and about to cut and to remove the fences and other improvements of said plaintiff upon said premises situated and to take possession of and to appropriate the same to the use and benefit of said De Witt county, Tex., without just compensation to this plaintiff, by plowing, grading, and fencing said 4¼ acres of land for the purposes of maintaining a second-class public road to the exclusion of this plaintiff, and are threatening to fence the same and to maintain a line of fence on each side of said public road, dividing the inclosed pasture and agricultural lands of this plaintiff, as aforesaid, into two separate tracts and parcels, greatly diminishing the value of said lands and to the irreparable loss and damage of the plaintiff herein. This plaintiff says that the said inclosed 275 acres of land, more or less, is of the reasonable value now of $60 per acre to him, and especially so in that a portion of the same is adapted to farming purposes and a portion of the same by reason of being broken and rolling is best adapted to the purposes of breeding and raising cattle, horses, and other live stock, and that the land in said inclosure adapted to farming purposes is so located and situated that the value of the farming land is increased by having the pasturage lands contiguous to it, and the value of the pasture lands is increased by having lands contiguous to it, and that said road as threatened and

now sought to be established by De Witt county and other defendants herein so divides said tract into two tracts of land as to diminish the value of the farming lands and also the pasture lands, and in fact, make it unfit for pasturage purposes, in that the water on the one tract would be cut off from the pasture lands on the other tract and leave one of the said tracts without water, so that cattle on one tract would be deprived of the water on the other tract, to the damage of this plaintiff in the sum of $3,000, in addition to which by reason of the rolling and uneven surface of the land, as aforesaid, the defendants in grading, surfacing, leveling, and constructing said public road would divert the natural flow of the surface water as it now is upon the said 275-acre tract; that some of the lands would be subject to stagnant water, which would be backed upon the same and stand thereon after heavy rain, while other portions of said land would be subject to erosion, and would in fact be washed and cut into gulleys, and the plaintiff now here asserts that, if said road is established as sought and threatened to be established, he will be actually damaged by reason of the land taken for such road and the diminished value of the tract over which the same road runs and the adjoining premises, by reason of which, as aforesaid, he will suffer damages in the sum of $3,000. In addition to which actual damage which might be recovered at law, this plaintiff says that he will suffer irreparable damages for which he has no adequate remedy at law on account of the construction of said road, cutting up said land into separate tracts, in washing of said land and the overflow of a portion of the same, and in diverting the natural flow of the surface water, the destruction of growing crops in the future, and otherwise he will suffer continuing waste, all of which damage is irreparable and not ascertainable at law, and all of which damage will be occasioned him unless the defendants and each of them are restrained by an injunction to refrain from entering upon this plaintiff's said lands, as aforesaid, and establishing and maintaining said second-class public road as by them sought and threatened now about to be done."

The foregoing portion of the petition is sworn to. Then, answering further, he made the following unsworn allegations: "Plaintiff would further show to the court that no necessity exists for the opening of said road as proposed, and that no application or demand therefor has been made as contemplated by law for the opening and establishment and maintenance of said road for public uses as proposed by the order of the county judge of De Witt county Tex., for the ‘condemnation of the premises sought to be taken; that the people of that community either have all public roads necessary for their use and convenience, or could have better and more practicable and less expensive roads than the one sought to be established; and further that there is no demand for the same on the part of the citizens of De Witt county, Tex., and of the immediate community through which said road is sought to be established; but that, on the contrary, said citizens are demanding in truth and in fact the establishment of another road from the village of Lindenau in De Witt county, Tex., across to the Yorktown road, which will be of greater convenience to such citizens as aforesaid than the road as proposed, accommodating them all and their travel, traversing the territory through which the proposed road, as aforesaid, runs, and will be of far less expense to the county of De Witt and would be of such comparatively small damage to this plaintiff and other adjoining landowners, by reason of the manner in which it would touch his premises, that this plaintiff would be willing, and now here proffers so to do, to allow said county of De Witt to establish said road along the boundary lines of his premises without any cost or charge whatsoever to said county of De Witt for so much of the land as would be occupied by such public road when so established as a second-class road along said boundary lines."

At the next term of the district court, the defendants filed their general and special exceptions to plaintiff's petition, and their answer, to which were attached copies of the proceedings of the commissioners' court. It is not necessary to copy defendant's general exception; but we copy the other exceptions, as follows:

"Defendants further except to said original petition as follows:

"(1) Said petition contains no averment of facts, or want of facts, or specific acts of commission or omission by defendants, or either of them, by which this court could determine whether the ‘condemnation’ alleged in the petition was legal or illegal.

"(2) The allegation in said petition that the condemnation of plaintiff's land was ‘unauthorized by law’ is but a conclusion of the pleader, and is not an averment of facts, or of the absence of facts, or of acts done or omitted, by which it could be determined in this court whether said condemnation was authorized or unauthorized, legal or illegal.

"(3) Said petition contains no averment of any method, whether legal or illegal, adopted or pursued by defendants in making or obtaining the ‘condemnation’ mentioned in plaintiff's petition, and contains no allegation of any specific acts or act done or omitted or either of them.

"(4) The averments of said petition do not show that said ‘condemnation’ was illegal or unauthorized, and do not show that the public road described in said petition was

or will be unlawfully established or laid out on or across plaintiff's land, or that the said 4¼ acres of land belonging to plaintiff was or will be unlawfully 'condemned' or acquired by De Witt county for a public road.

"(5) Said petition wholly fails to show or allege that the defendants who compose the commissioners' court of De Witt county in any manner transcended, exceeded, or abused the powers conferred on them by law in regard to opening said road across plaintiff's land.

"(6) Said petition wholly fails to negative or deny the existence of facts with the matters stated in said petition, which by reasonable inference from said matters might reasonably be supposed to exist, in the absence of a positive allegation to the contrary, and which reasonable inference and supposable facts would or might show that plaintiff is not entitled to the writ of injunction.

"(7) The petition casually mentions a 'condemnation' of plaintiff's said 4¼ acres of land, but fails to aver or in any wise make known to the court what steps, if any, legal or illegal, regular or irregular, were had or taken by defendants in such 'condemnation,' and wholly fails to aver in what particulars said 'condemnation' was or is unlawful, irregular, or abusive.

"(8) The allegation that plaintiff's said land was condemned, and that defendants seek to take the same for a public road without just or adequate compensation to plaintiff, is but a conclusion of the pleader, and the petition contains no averment of facts from which this court can determine whether said land was or will be taken without just compensation.

"(9) The petition wholly fails to state what damages, or whether any damages, were awarded to or denied to plaintiff in the 'condemnation' mentioned in his petition.

"(10) Said petition wholly fails to aver that said commissioners' court in making or causing said condemnation did not fully and regularly, in each and every particular, comply with chapter 147 of the general laws enacted by the Twenty-Sixth Legislature of the state of Texas, entitled 'An act to create a more efficient road system for the county of De Witt.'

"(11) Said petition wholly fails to aver that said commissioners' court in condemning plaintiff's land, or that the proper officers of De Witt county, did not fully and regularly comply with and observe, in each and every particular, articles 4445 to 4475 of chapter 8, title 94, of the Revised Statutes of Texas of 1895, and the amendments thereof; and contains no averments that defendants irregularly or improperly observed or neglected to observe either of the requirements of said articles and amendments; and contains no averment that in complying with

said laws the defendants or either of them in any wise transcended, exceeded, or abused the powers conferred on them.

"(12) The allegations of said petition are insufficient to authorize the writ of injunction to issue.

"(13) Said petition shows on its face that plaintiff's damages are capable of being fully ascertained, and capable of being fully compensated.

"(14) The petition does not negative or deny that plaintiff's damages were legally and fairly ascertained in the 'condemnation' mentioned in the petition, or that said damages were paid or deposited as required by law.

"(15) Said petition discloses that plaintiff has and had a complete and adequate remedy at law.

"(16) And defendants especially except to all those allegations of the petition concerning a certain road from plaintiff's premises to the Lindenau community for the following reasons: (a) The Lindenau road appears from the petition to be another and different road from that complained of by plaintiff, and is not shown to be in any wise connected with the road complained of. (b) Said petition does not show or aver that any of plaintiff's rights in regard to the road complained of are in any wise affected by reason of the Lindenau road. (c) Such allegations are but an attempted argument by plaintiff which in no wise affects the determination of this case, and is not material or relevant to any issue of this case."

Plaintiff excepted generally to defendants' answer, and also specially to that portion pleading a judgment of the commissioners' court, because such judgment used the words, "whereas the public interest demands that a road of the second class be laid out," and the law requires that it shall become necessary to lay it out. Also specially excepted to defendant's answer wherein defendant cited chapter 147, Acts of 26th Legislature, for the reason that said act, providing for a special road law for De Witt county, is not a general law of the state such as is necessary in order to confer power upon said De Witt county to lay out, construct, and repair roads, as provided by section 2, art. 11, of the Constitution of Texas.

The court overruled all of plaintiff's exceptions to the answer of defendants, and sustained all of defendants' exceptions to plaintiff's original petition, and the plaintiff declining to amend, judgment was rendered dismissing the suit and dissolving the temporary injunction.

At the request of plaintiff, the trial court filed conclusions of law, as follows:

"This case being considered on the general and special exceptions to plaintiff's original petition, as well as plaintiff's general and special exception to defendants' original

answer, so that the court has before it both the petition and the answer, I conclude as follows:

"(1) Plaintiff's petition prays only for an equitable remedy, to wit, injunction, and does not seek damages or other remedy at law.

"(2) It is the duty of a party applying for the writ of injunction to make known all the facts; that is, in the language of the statute, he must state in plain and intelligible words his grounds for such belief. And not only must he positively aver the facts entitling him to the writ, from his theory of the case, but he must deny the existence of all supposable facts connected with the matters alleged, which might show him not entitled to the writ.

"(3) A petition for injunction restraining the condemnation or opening up of a public road should plainly and intelligibly aver wherein and in what particular the proceeding sought to be restrained is illegal, wrongful, or irregular, and the general allegation that same is without authority of law is insufficient, and particularly is this true where plaintiff knows all the facts and no reason is shown why same are not particularly set forth. In other words, a court asked to issue an injunction is entitled to know all the pertinent facts, and if certain steps have been taken by the defendants in regard to the matters complained of, plaintiff should set them up, and show by appropriate averments whether they were colorable merely, illegal, irregular, or fraudulent.

"(4) Injunction will not be granted on plaintiff's petition, where it states that defendants have condemned his land for a public road, alleging that such condemnation is without authority of law, but fails to aver plainly and intelligibly in what particulars such condemnation was illegal, fraudulent, or void.

"(5) The Act of the 26th Legislature, c. 147, p. 252, of the Laws of 1899, entitled 'An act to create a more efficient road system for the county of De Witt,' is not unconstitutional.

"(6) Said act differs so materially from the general road law, and furnishes such a complete and independent method of opening and working public roads and mode of procedure by which property may be condemned to a public use, that it is a substitute for the general road law in De Witt county, and is not merely cumulative thereof.

"(7) Section 2 of said act, among other things, provides: 'The commissioners' court of said county shall have full power and authority, and it shall be its duty to adopt such system for working, laying out, draining and repairing the public roads in said county, as it may deem best, and from time to time said court may change its plan or system of working.' And section 12 of said act is as follows: 'Whenever it shall become necessary to occupy any land for the opening, widening, straightening or draining any road or part thereof, if the owner of such land and the county commissioners' court cannot agree upon the damage to be paid, the county may proceed to condemn the same in the same manner that a railway company can condemn land for right of way, and the same proceedings may be had, and the same right shall exist to each party as would exist if the proceedings were by a railway company, except that the county shall in no case be required to give bond.'

"(8) Plaintiff's petition alleging that the county commissioners had caused his land to be condemned, it will be presumed, in the absence of allegations clearly showing or positively averring the contrary, that such condemnation was under authority of the act above referred to, and that the procedure thereto was regular and valid. The allegation that the condemnation was without authority of law does not meet this requirement especially when challenged by an exception which inquires for the particular act or step sought to be held invalid.

"(9) Any issue as to the right of the county to condemn the specific piece of property in controversy, or as to the regularity of the manner in which the right was exercised, could only be tried in the condemnation proceedings, and for any injury which plaintiff may have sustained by reason of the wrongful or irregular exercise by the county of the right to condemn plaintiff has an adequate remedy at law.

"(10) The tribunal provided by an act of the Legislature above referred to, for condemning private property for a public road, has exclusive jurisdiction to hear and determine the questions as to the right to condemn and the amount of compensation; and the acts of such tribunal are not reviewable by the district court, unless, if at all, it clearly appears that such acts were colorable merely, or involved some element of fraud.

"(11) The district court cannot review the determination of the commissioners' court of the questions of the necessity for the road and expedience in opening same, in absence of positive averments that plaintiff has been or is being denied any of his lawful rights or remedies, and especially in the absence of all allegations showing fraud, oppression, or abuse of the authority conferred by law upon the officers charged with the duty of laying out and opening public roads.

"(12) I conclude plaintiff's petition is subject to the exceptions interposed by the defendants, and the plaintiff declining to amend his petition, the case should be dismissed."

Plaintiff appealed to this court. His first assignment of error questions the ruling of the court in sustaining the general excep-

tion to his original petition. His fourth assignment complains of the ruling of the court in sustaining each and all of the exceptions of defendants to his petition. The third and fifth. assignments of error complain of the overruling of his exceptions to defendants' pleadings. The sixth assignment attacks the court's findings of law. The seventh assignment again complains of the sustaining of the general and special exceptions to plaintiff's petition. If the court was correct in sustaining the exceptions to plaintiff's petition, it will not be necessary to pass upon the exceptions to defendants' answer, because no defect therein or allegation therein can aid the plaintiff's petition.

[1] The rule with regard to the pleading in injunction suits is well established as follows: "The rule of pleading that the statements of a party are to be taken most strongly against him is reinforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not under other supposable facts connected with the subject thus be entitled to relief." Gillis v. Rosenheimer, 64 Tex. 246; Cotulla v. Burswell, 22 Tex. Civ. App. 299, 54 S. W. 246; City of Paris v. Sturgeon, 50 Tex. Civ. App. 522, 110 S. W. 459; 10 Ency. Plead. & Prac. pp. 923–927.

Applying the rule above stated, we find that the petition alleges the following: That plaintiff is the owner of certain land and in possession of same; that defendants are seeking to open and establish, and are about to open and establish, a second-class public road across said land; that defendants have entered upon said land as aforesaid without authority of law as he is informed and verily believes, and have caused the road to be surveyed and the premises to be condemned for road purposes, all of which he is informed and verily believes is without authority of law; that defendants are about to take possession of and appropriate the same to the use and benefit of De Witt county, without just compensation to plaintiff, setting out the mode and manner of the contemplated possession and the extent of the injury which will be occasioned thereby; that no application or demand was made for same, as contemplated by law, for the opening and establishment and maintenance of said road for public uses as proposed by the order of the county judge of De Witt county, for the condemnation of the premises sought to be taken; that the people of that community have all public roads necessary for their use, or could have a better and less expensive road than the one sought to be established; and that there is no demand for same.

[2] The fact that no application or demand was made for the road would not tend to show. an illegal laying out of a road. Under the general law the court can lay a road out on its own motion. Kopecky v. Daniels, 9 Tex. Civ. App. 305, 29 S. W. 533; Allen v. Parker County, 57 S. W. 705; Stewart v. El Paso County, 130 S. W. 590. The road law for De Witt county (chapter 147 of Acts of 26th Legislature) gives the same power.

[3] The allegations that the road was not necessary, and that a better and less expensive road could have been laid out, are not accompanied with any allegations showing that the court either grossly abused its power or transcended its authority, or neglected any requirement of law. Great latitude is given the commissioners' court in passing on these matters which are in their nature discretionary. Where a road was' attacked as a private road, it was held by this court that the character of a road does not depend on its length, nor the place to which it leads, nor the number of persons who travel it, and that the court may establish a road which is a cul-de-sac. Decker v. Menard County, 25 S. W. 727. The petition questions the soundness of the exercise of the discretion of the court in laying out such road, but does not allege any facts showing an abuse of its power by the court. Nothing illegal is shown by these allegations. Smith v. Ernest, 46 Tex. Civ. App. 247, 102 S. W. 129; Porter v. Johnson, 140 S. W. 472.

[4, 5] The allegation that plaintiff's land was being taken without just compensation is a conclusion. No facts are stated. The court is left in ignorance whether he received any compensation or not, and if he received any, in what way it was unjust. We understand the rule to be that the district court, in cases like this, has no power to review the amount of damages, and so such an allegation would not be sufficient to authorize an injunction, unless in connection therewith there are allegations of fact showing that he has been deprived of some legal right in the determination of the question of the amount of damages, or, if none have been allowed, that he has not had the opportunity guaranteed him by law to have the amount of his damages determined.

[6] We take up the remaining allegations made by plaintiff, and find that he alleges that defendants have entered upon his land, without authority of law, as he is informed and verily believes, and have caused a road to be surveyed and the premises to be condemned for road purposes. The allegation shows that the acts he complains of consist of the surveying out of a road and the condemnation of his land for that purpose. He does not allege any facts which would show such condemnation proceedings illegal, and in fact only expresses a conclusion based upon information and belief. In the same pleading it appears that there has been a judgment of the county court for the condemnation of the property. This being the condition of his pleading, a reasonable in-

ference arises that the condemnation proceedings were legally instituted and conducted, and in fact a presumption obtains that the order of the court is regular and legal. Is this inference sufficiently rebutted by his conclusion upon information and belief that such proceedings were without authority of law? We do not think so. The court was entitled to have facts alleged which would rebut such inference.

[7] If, on general exception, a petition must contain the allegation of sufficient facts to enable the court to see that a good cause of action exists, not that it might exist, then in an injunction petition showing on its face that defendant has acted and is acting under the forms of law, something more than mere opinion as to the legality of the proceedings should be stated to authorize the court to hold the petition sufficient. High, in his work on Injunctions (volume 1, p. 51), says: "The relief will not ordinarily be allowed where the facts upon which complainants' equities rest are stated only upon information and belief, but they should be made to appear by positive averments founded on complainants' own knowledge or that of some person cognizant of the facts." Again, on page 50, he says: "An injunction, being a harsh remedy, will not be granted in the first instance, except upon a clear prima facie case and upon positive averments of the equities on which the application for the relief is based. And while it is not essential that complainant should establish his case upon an application for an interlocutory judgment with the same degree of certainty that would be required upon the final hearing, he must nevertheless' allege positively the facts constituting his grounds for relief. Thus it is well established that the mere allegation of irreparable injury will not suffice to warrant an injunction, but the facts must appear on which the allegation is predicated in order that the court may be satisfied as to the nature of the injury. And such allegations, being merely the legal conclusions of the pleader, are not admitted by demurrer, nor by the failure of the defendant to deny them." If the conclusion that the condemnation proceedings were without authority of law is not admitted by demurrer, then the petition contains nothing which would rebut the inference that the condemnation proceedings were sufficient in law. We are of the opinion that, measured by the rules applicable to such pleadings, the petition was not sufficient, and the general and special exceptions were properly sustained.

This disposes of the case, as the other assignments raise questions on defendants' pleadings, and plaintiff being out of court on his own pleadings cannot be heard to question the sufficiency of the answer. All the assignments of error are overruled, and the judgment is affirmed.