CURRIE v. GLASSCOCK COUNTY et al.
(No. 500.)

(Court of Civil Appeals of Texas. El Paso. Nov. 4, 1915.)

1. HIGHWAYS ⬤❯64—ENJOINING OPENING OF ROAD—REMEDY AT LAW.

Injunction is the proper remedy where the commissioners' court is proceeding without authority to open a first-class 60-foot road, Vernon's Sayles' Ann. Civ. St. 1914, art. 6866, giving appeal only as to adequacy of damages.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 165, 334; Dec. Dig. ⬤❯64.]

2. HIGHWAYS ⬤❯64—LAYING OUT—COMMISSIONERS' COURT—INJUNCTION.

If the commissioners' court in laying out a first-class 60-foot road is acting in substantial compliance with Rev. St. 1911, art. 6863, it cannot be enjoined, though the road would irreparably injure one's lands.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 165, 334; Dec. Dig. ⬤❯64.]

3. HIGHWAYS ⬤❯64—LAYING OUT—COMMISSIONERS' COURT—INJUNCTION.

The commissioners' court can be enjoined if in laying out a 60-foot road under Rev. St. 1911, art. 6863, it has transcended its authority or grossly abused its discretion.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 165, 334; Dec. Dig. ⬤❯64.]

4. HIGHWAYS ⬤❯64—LAYING OUT—COMMISSIONERS' COURT—INJUNCTION—PETITION.

The petition for injunction, alleging the commissioners' court in laying out a first-class 60-foot road has not laid it out in the most direct and practical route towards the county seat of the adjoining county, as required by Rev. St. 1911, art. 6863, but fraudulently, several miles to one side of such route, through plaintiff's lands, states grounds for relief.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 165, 334; Dec. Dig. ⬤❯64.]

Appeal from District Court, Glasscock County; W. W. Beall, Judge.

Action by Lucy Currie, executrix against Glasscock County and others. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

James T. Brooks, of Big Springs, and Royall G. Smith, of Colorado, Tex., for appellant. Morrison & Morrison, of Big Springs, for appellees.

HARPER, C. J. Appellant, by petition duly verified, asked that the writ of injunction issue against Glasscock county, its county judge, and the members of the commissioners' court, restraining them from opening, laying out, and establishing a first-class 60-foot public road through certain inclosed lands. The court sustained general and special exceptions to the petition. Appellant refused to amend, and thereupon the suit was dismissed, from which judgment this appeal is perfected.

The allegations of appellant's petition essential to the issues presented here are as follows, to wit: That plaintiff, for herself and as executrix and trustee of the estate of James Currie, being minor children, filed this suit. Then alleged the ownership of the lands and described them; that same were fenced; that the said commissioners' court on October 13th made and entered an order appointing a jury of view to lay out a first-class road from the town of Garden City, the county seat of Glasscock county, to the line of said county in the direction of Sterling City, the county seat of Sterling county, Tex. Then alleged: That the said order provided that said road should be laid out 60 feet wide, to the greatest advantage to the public from said Garden City, the county seat of Glasscock county on the most direct and practicable route to the east line of said county, so that same can be traced with certainty; that said order was made and entered under the authority supposed to be conferred by article 6863, R. S. 1911. That said jury thereafter undertook to lay out such road, returned its report into the court, same was approved by the court, and said road so laid out was by order officially declared to be a public highway. That said road so laid out is not the most direct and practicable route to the eastern line of Glasscock county in the direction of Sterling City, and was known by the jury not to be so, as well as by the commissioners' court, when it approved the said report. That in truth and in fact the most direct and practicable route from Garden City to the eastern line of Glasscock county in the direction of Sterling City is practically due east, and that such road could have been laid out with very slight, if any, variation from such line while said road as so laid out runs practically southeast and is some five or six miles south of the point where the most direct and practicable route for such road should in-

tersect the eastern boundary line of Glasscock county, Tex., and an equal distance south of the most direct and practicable route from said intersection with the east boundary line of Glasscock county to Sterling City. That there are no obstacles that prevent the running of such road from Garden City to said eastern boundary line of Glasscock county, and that a first-class road could be run along said route at a much less expense to put and keep the same in good condition and repair than would be the cost of condemnation of lands required by the running of the road as it does according to said report. That the way said road runs according to the report of said jury of view as adopted by the commissioners' court as aforesaid, plaintiff's lands and also the lands owned and held by herself for herself and her minor children as aforesaid are greatly and materially damaged, and she and they will be subjected to a heavy expense in fencing and drilling wells and equipping the same with windmills and in taking to make their lands usable, and in addition to the value of the lands actually lost by being occupied by said road that the remaining lands will by reason of being separated and segregated, be greatly reduced. That, furthermore, said road as so run and declared to be a public highway was not surveyed nor defined with any certainty whatever, and neither said jury of view or said commissioners' court know or have ever known whether or not the lands described in said field notes, or alleged field notes, are those embraced in the road as brushed out, and that it is not known where any lines or corners of the surveys touched, crossed, and affected. That said road was simply laid out by guesswork and its whereabouts on the ground are uncertain and indefinite.

Plaintiff further specifically alleges: That said jury of view which so laid out said road made no effort whatever to lay same out along the most direct and practicable route to the said eastern line of said county; on the other hand, said body fraudulently and with the deliberate intent of running said road through the land of plaintiff and her children, when they well knew that such route was not the most direct and practicable route, but that such route would run practically due east, arbitrarily laid out said road as they did to make it connect with a prior road in Sterling county, Tex., which was not laid out in the most direct and practicable route to the western boundary line of Sterling county and in the direction of the county seat of said Glasscock county, but had been arbitrarily and fraudulently for the purpose of missing certain favored pastures diverted in a southwesterly direction when it should have run practically due west. That such running of said road in Glasscock county constitutes the grossest sort of abuse of the powers conferred upon said jury of view, and, instead of being in compliance with, was in violation, not only of the order of the court appointing them, but also with both the letter and spirit of the law.

And plaintiff furthermore says: That the act of the commissioners' court of Glasscock county in approving the report of said jury of view, and its further act in ignoring the protest of this plaintiff, was a gross abuse of the powers conferred upon it of determining what was the most direct and practicable route to the eastern line of Glasscock county, and was an intentional fraud upon the rights of this plaintiff and her said minor children designed to give semblance of compliance with the law, when it was well-known to said commissioners' court that said road as so laid out was nowhere near the most direct and practicable route to the said east line of Glasscock county. That the approval of said report was intended to be effective as a finding that said road as described therein was the most direct and practicable route, and thereby conclude the plaintiff and her said minor children, and was knowingly made against all the evidence and physical facts, and was in truth and in fact made without reference to whether said road was such most direct and practicable route. That, by appealing from the order of said commissioners' court approving the awards of damages as made by the jury appointed to assess them, plaintiff could not get a review of whether or not the commissioners' court has abused the discretion given it, and that she has absolutely no remedy at law for this great injustice. That she and her children have an absolute constitutional right to keep and use their property as they see fit, and the commissioners' court of Glasscock county has no legal right to exercise the right of eminent domain upon the same and take it or any part of it for public use in the shape of a 60-foot first-class road to the eastern county line in the direction of the county seat of Sterling county against their wishes unless same is the most direct and practicable route thereto, which it is not, nor did they acquire such right by fraudulent approval of the report of the jury of view and thereby arbitrarily, fraudulently, and against all the facts, determining that it was such most direct and practicable route. That, unless restrained, the defendants will proceed to open said road and work it, and thereby accomplish an irreparable injury to plaintiff and her children, for which they have no adequate remedy at law.

[1] The first question is: Is the alleged action of the commissioners' court subject to review by the district court, or, as contended by appellee, is it simply an act within the discretionary powers of the commissioners' court, therefore not subject to be reviewed?

If the district court has jurisdiction under the statutes, or under its general equitable powers, appellant has adopted the proper remedy, injunction; for there is no provi-

sion in the statutes for an appeal except in the matter of the adequacy of the damages resulting from taking the land required for a 60-foot first-class road. Article 6866, Vernon's Sayles' Statutes. The district court has no authority to inquire into the question of the amount of damages to be paid for the land taken in this proceeding. Schlinke v. De Witt County, 145 S. W. 664.

[2-4] But appellant's cause of action, if she has one, is based upon the proposition that the appellees have undertaken to do that for which there is no authority of law, in that, the only statute giving the commissioners' court authority to lay out and establish the class of road attempted in this instance is contained in article 6863, R. S. 1911, which reads as follows:

"The commissioners' courts of the several counties shall see that at least one first-class road of the width prescribed by law is laid out and opened from the county seats of their respective counties on the most direct and practicable route to the lines of their county in the direction of the county seats of each adjacent county, where no part of another county intervenes between the county seats of such counties; or, if a border county, to meet the nearest road to the border; and, if any adjacent county is not organized, then in the direction of the center of such county. And the commissioners' court of a county to which one or more unorganized counties are attached for judicial purposes shall lay out and open at least two first-class roads sixty feet in width through the extent of each such unorganized county to intersect at right angles as nearly as may be at the center of the county, and to meet at the county lines similar roads of the adjacent counties. In counties now having public roads substantially complying with the preceding requirement as to course, the court shall be required only to give such roads the width of sixty feet and clear them of obstructions; such roads, however, shall not be laid out across orchards, yards, lots or graveyards, or within one hundred feet of a residence, without the consent of the owner; provided, that this law shall not apply to counties where there already exists a sufficiency of public roads."

If the commissioners' court in their attempt to open the road in question is acting in substantial compliance with this statute, the courts will not enjoin their action; but, if they are threatening to do that which transcends the authority given thereon, then the appellant has his remedy by injunction provided that by his allegations and proof it shall appear either that she is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to her, or in case irreparable injury to real estate is threatened, irrespective of any legal remedy at law. Article 4643, R. S. 1911; Bourgeois v. Mills, 60 Tex. 77. These are questions of fact to be alleged and proved, and, since the trial court sustained the demurrers to plaintiff's petition and dismissed his suit, the only further question before us is: Does appellant's petition contain such allegations of fact that, if proven, would entitle her to the relief prayed for?

The petition charges that the jury of view has laid out the road in question fraudulently, capriciously, and arbitrarily, along a route known to them, and the commissioners' court, not to be the most direct and practicable route from the county seat of Glasscock county to the county seat of Sterling county, but is between five and six miles south of such direct line; that the most direct line is practically due east; and that there are no obstacles in a direct route to require any deviation therefrom. Further alleged that the road declared to be a public highway by the commissioners' court had not been surveyed nor defined with any certainty; that therefore no person knows whether the lands described in the field notes are the same as those embraced in the road as brushed out or not; therefore it will be impossible, if she must submit to the road, to keep it within any defined boundary.

That such a road, as the one sought to be established, would be prejudicial to appellant and do irreparable injury to the lands described in the appellant's petition, there is no doubt, in that, it would permanently disturb and disarrange a large body of land with its present arrangement of fences, etc.; and it is equally certain that to have a road laid out across such a body of land without being on and along the boundaries fixed for it, by the order of the court, would be void for uncertainty, therefore would be prejudicial or likely be so, for in the future, by an accurate survey, it might be determined that the lands covered by the road as now brushed out was not in fact the lands condemned for the purpose, and again it may leave the question of the proper amount of damages appellant is entitled to in doubt.

But, as we view the law, notwithstanding the fact that to lay out the road as proposed would be prejudicial to the appellant or would work irreparable injury, if the commissioners' court, having the statutory authority to lay out the road, was doing so in reasonable compliance with the statute, the only right appellant is given is reasonable and proper compensation for the lands taken for the road so established. City of San Antonio v. Grandjean, 91 Tex. 430, 41 S. W. 479, 44 S. W. 476. But as to whether the court in this instance is exceeding its authority under the statute, as to the particular place the road is to be located, and the regularity of its acts otherwise as charged, are questions of law and fact sufficiently raised by plaintiff's petition to require the court to hear the evidence and in person or by jury determine the fact.

It is well established by the decisions of our courts that the district courts, through their equitable jurisdiction, have the power to review and revise the exercise of the discretion vested in the commissioners' courts, in cases of this kind, where it is shown that such courts have grossly abused the discretion vested in them. Porter v. Johnson, 140 S. W. 469; Bourgeois v. Mills, 60 Tex. 76;

Schlinke v. De Witt County, 145 S. W. 660; Smith v. Ernest, 46 Tex. Civ. App. 247, 102 S. W. 129; Simkins on Equity, 483. The allegations of the petition bring this case within the rule announced by these authorities.

Until a final hearing, the appellant is entitled to her temporary writ enjoining the opening of the proposed road, and it is so ordered.

Reversed and remanded.