CURRIE v. GLASSCOCK COUNTY et al.
(No. 547.)

(Court of Civil Appeals of Texas. El Paso.
March 2, 1916. Rehearing Denied
March 16, 1916.)

1. HIGHWAYS ⊂⇒41(3) — LAYING OUT OF HIGHWAYS—DISCRIPTION.
Under Rev. St. 1911, art. 6877, declaring that all roads ordered to be made shall be laid out by a jury of freeholders who may lay out, survey, and describe such road so that it can be traced with certainty, and the field notes of such survey or description of the road shall be included in the report of the jury, the jury's report is sufficient where the road was laid out on the ground, and described with reference to a prior road, although its exact location on and along given surveys, was not included; the report not needing the accuracy required of a deed.
[Ed. Note.—For other cases, see Highways, Cent. Dig. § 113; Dec. Dig. ⊂⇒41(3).]

2. APPEAL AND ERROR ⊂⇒1062(2) — JURY QUESTIONS—SUBMISSION.
Where there was no question but that the jury of freeholders which laid out a road complied with Rev. St. 1911, art. 6863, requiring it to be the most direct and practicable route to the county seat of the adjoining county and verdict might have been directed against the plaintiff landowners, the refusal of the court to submit issues whether the road was a compliance of the statute was not error.
[Ed. Note.—For other cases, see Appeal and Error. Cent. Dig. § 4213; Dec. Dig. ⊂⇒1062(2).]

3. HIGHWAYS ⊂⇒44(1)—ROADS.
Under Rev. St. 1911, art. 6863, declaring that commissioners' courts shall lay out at least one first-class road from the county seats of their respective counties on the most direct and practicable route to the lines of. their county in the direction of the county seats of each adjacent county, but that this shall not be required where there already exists a sufficiency of public roads, a substantial compliance with the statute is all that is required, and the fact that a public road veered a few miles from the most direct route will not render the location improper.
[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 27, 137, 138, 140; Dec. Dig. ⊂⇒44(1).]

Appeal from District Court, Glasscock County; W. W. Beall, Judge.

Action by Lucy Currie, individually and as executrix of the last will of James Currie, and as next friend of minors, against Glasscock County and others. From a judgment for defendants, plaintiff appeals. Affirmed.

See, also, 179 S. W. 1095.

Jas. T. Brooks, of Big Springs, and Royall G. Smith, of Colorado, Tex., for appellant. Morrison & Morrison, of Big Springs, for appellees.

HARPER, C. J. By this suit, Lucy Currie, individually, and as executrix and trustee under the last will of James Currie, deceased, and next friend of Stephen and William J. Currie, minors, seeks to enjoin the county judge and commissioners' court of Glasscock county, Tex., from opening a first-class road 60 feet wide through inclosed lands of plaintiffs. The petition alleges: That the jury of view arbitrarily and fraudulently laid out said road along a route known by them not to be the most direct and practicable route in the direction of the county seat of the adjacent county to the county line, as required by article 6863, Revised Civil Statutes of 1911, but had laid out the road so as to meet at such county line a road laid out in Sterling county, without reference to whether such proposed road was the most direct and practicable route or not, and that the commissioners' court had likewise fraudulently approved with full knowledge that said road did not meet the requirements of the statute aforesaid. That the road as run was not surveyed nor defined with any certainty, so for that reason it cannot be ascertained whether or not the lands described in the field notes are those embraced in the road as brushed out, and that it is not known where any lines or corners of the surveys touched, crossed, or affected are. That it was laid out by guesswork, and for that reason its whereabouts on the ground is uncertain and indefinite. For a full statement of plaintiff's pleading, see 179 S. W. 1095, opinion upon former appeal. Defendants filed general and special exceptions, general denial; specific admission and denials which are in any wise pertinent to the issues to be reviewed here are as follows: Deny that the road as laid out is not the most direct and practicable route to the county line, and specifically allege that it is the most direct and practicable route to the eastern line of Glasscock county, considering the topography of the country, and the further fact that it is laid out to meet the Sterling City Public Road which was already open to the line of Sterling and Glasscock counties. Say it is not true that the road was not surveyed nor defined with certainty, but that the lines are marked and evident and state the location so that it can be easily traced. Deny that they acted fraudulently or with any fraudulent intent, etc.

### Findings of Facts.

On October 13, 1913, the commissioners' court of the county entered an order appointing five freeholders a jury of view "to lay out and survey and describe a first-class road 60 feet wide from Garden City, county seat of Glasscock county, on the most direct and practicable route to the east line of said county, * * * to report in writing the field notes of such survey or description of the road so laid out, with such marks and other permanent natural objects that aid in defining the route so selected, so that the same can be traced with certainty, and make report to the next term of court." The jury of view returned its report, as applicable here, as follows:

"We, the undersigned jurors, * * * did, * * * without a surveyor, proceed to lay out, and survey a new road, beginning at Garden City and terminating at the east line of Glasscock county in the direction of Sterling City in Sterling county * * * beginning at the southeast corner of the public square of Garden City; thence by reasonably definite calls 'eastward' and 'southward' to the gate into the inclosure of the plaintiff's pasture."

In this description reference is several times made to "a third-class road" heretofore laid out, opened up and heretofore in use, in pursuance of an order of the commissioners' court of said county made and entered May, 1893, which said latter order was introduced in evidence by the plaintiffs, and which names certain sections by number over which the road was established. After reaching the line of plaintiff's land, the description continues to call for the old third-class road, etc., names sections, gives direction and calls for stakes, rocks, hills, windmills, line cut through the brush, blazed trees, etc. The evidence of the jury of view shows clearly that they carefully did the work upon the ground, that they ran out the lines practically in accordance with the course and distance calls, and that they drove the stakes, marked the trees, cut the brush, and found along the line the objects called for, and that it is so marked as to be easily found upon the ground.

[1] The first assignment urges that the court should have given a peremptory instruction because the uncontradicted evidence showed that neither the commissioners' court nor the jury of view knew whether the road laid out upon the ground was embraced in the description filed and approved or not; therefore the order is void. The second proposition is that the report and order of confirmation must so describe the land to be condemned that it can be identified on the ground to the end that the road thus created may be kept within its bounds; if not, the proceedings are a nullity.

Article 6877, Rev. Stat. 1911, provides that:

"All roads hereafter ordered to be made shall be laid out by a jury of freeholders of the county to be appointed by the commissioners' court * * * a majority of whom may proceed, with or without the county surveyor, as ordered by the commissioners' court, to lay out, survey and describe such road to the greatest advantage to the public, and so that the same can be traced with certainty; and the field notes of such survey or description of the road shall be included in the report of the jury."

As may be seen from the findings of facts above the description in the report follows the old third-class road, with specific reference to the report thereof upon the minutes of the court entered many years before this proceeding began; that the road as laid out was definitely fixed upon the ground by reference to stakes, trees, windmills, etc.; and further there is no doubt that its exact location upon the ground is in no way uncertain. But the exact contention of appellants in this case seems to be that the description in the report adopted must give its exact location on, along, and across given surveys, and that it must be known that it does so by the jury of freeholders and the commissioners' court. The statutes do not require any such certainty of description. If plaintiff had shown that the written description or field notes filed and adopted did not fit the road as laid out, we would have a very different question. This they have not done; but, on the other hand, the testimony of the witnesses show clearly that they have described the road as laid out. It is true that it may not be as specific as it might have been, but the very language of the statute quoted shows that it does not require the same accuracy of description as required even in deeds conveying lands. And it seems settled that mere deficiency or inaccuracy of description that is not substantial will not render void the proceeding establishing the road. Scaling v. Denny, 125 S. W. 351, and the cases there cited.

[2, 3] Appellants have other assignments charging error in the special issues submitted and error in refusing specials requested by them, all directed to the question of whether the charge was sufficient to submit the issues raised by the pleadings. If we concede that the court erred in refusing to give the special issues requested, nevertheless we think this cause should be affirmed, because a proper disposition has been made of the case.

Plaintiff's case is based wholly upon the theory that the commissioners' court and jury of freeholders have not complied with the provisions of article 6863, Rev. Stat. 1911, under and by virtue of which they seek to take the land, and open up their pastures for a first-class road 60 feet wide, which reads:

"The commissioners' courts of the several counties shall see that at least one first-class road of the width prescribed by law is laid out and opened from the county seats of their respective counties on the most direct and practicable route to the lines of their county in the direction of the county seats of each adjacent county, where no part of another county intervenes between the county seats of such counties; or, if a border county, to meet the nearest road to the border; and, if any adjacent county is not organized, then in the direction of the center of such county. And the commissioners' court of a county to which one or more unorganized counties are attached for judicial purposes shall lay out and open at least two first-class roads sixty feet in width through the extent of each such unorganized county to intersect at right angles as nearly as may be at the center of the county, and to meet at the county lines similar roads of the adjacent counties. In counties now having public roads substantially complying with the preceding requirement as to course, the court shall be required only to give such roads the width of sixty feet and clear them of obstructions; such roads, however, shall not be laid out across orchards, yards, lots or graveyards, or within one hundred feet of a residence, without the consent of the owner; provided, that this law shall not apply to counties where there already exists a sufficiency of public roads."

It will be seen, from the pleadings quoted, that plaintiff contends that this is the initial first-class road from the county seat of Glasscock county to the county seat of Sterling county, and that, as such, it must be on the most direct and practicable route to the line of the respective counties in the direction of the county seats thereof. The charges given, of which complaint is made and the charges requested, which it is charged it was error to refuse, are proper submission of these questions or contentions, and they had not been included in the general charge; so, if, from the evidence, there was any question about whether the commissioners' court has complied with the provisions of this statute, in the respect mentioned, in declaring and opening up this road, as a first-class county road, then the case should be reversed for another trial. But we think from all the evidence that there is no question that the road as laid out is the most direct and practicable route between the two county seats. On the other hand, if it is not, it is clear from the latter provision of the statute quoted that the Legislature did not intend to require such roads to be laid out exactly with the points of the compass. "In counties now having roads substantially complying with the preceding requirements as to course, the court shall be required to give such roads the width of sixty feet and clear them of obstructions." But, on the other hand, that a substantial compliance therewith would be sufficient.

The fact that the road adopted crosses the county line to meet the road of the adjoining county, 16 miles from the starting point, county seat, and that the point where it crosses the county line is only 4½ miles from the point at which the most direct route would intersect said line, together with other facts in evidence as to the topography of the respective routes being in favor of the adopted road, conclusively shows that this road, as laid out, substantially complied with the provisions of the statute mentioned.

Therefore the trial court should have instructed a verdict for the defendants. Rule 62a (149 S. W. x).

For the reason given, the cause is affirmed.