J. H. SMITH v. L. H. ERNEST.

Decided May 1, 1907.

**1.—Findings of Fact—No Exception—Conclusive.**

When an appellant has failed to except to the findings of fact by the trial judge he can not complain of the same on appeal.

**2.—Change in Public Road—Power of Commissioner's Court.**

The power to determine whether a proposed change in a public road would be for the benefit of the public, is vested in the Commissioner's Court, and its decision in such cases can not be reviewed unless an abuse of said power is clearly shown. The mere fact that the proposed change would lengthen the road, is not sufficient.

Appeal from the District Court of Atascosa County. Tried below before Hon. E. A. Stevens.

*James A. Waltom* and *James Raley,* for appellant.

*Geo. M. Martin* and *W. W. Walling,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellant against appellee to enjoin him from in any manner obstructing and closing up any part of the Pleasanton and Tobey road. A temporary writ of injunction was issued as prayed for, and upon final

hearing of the case such injunction was so modified as to restrain the defendant from closing that portion of the road mentioned in plaintiff's petition which passes over defendant's land until he should have fully complied with the order of the Commissioner's Court authorizing him to change said road. "That is, until he (defendant) shall have procured a right of way over the lands to be traversed by the proposed change in said road and prepared it for public use in a manner acceptable to the Commissioner's Court of Atascosa County, and when the new road shall have been accepted by said Commissioner's Court said injunction shall thereupon cease to be of force and effect."

The first assignment of error is, that "The court erred in refusing to make the injunction perpetual, for the record shows that the Commissioner's Court made no order changing the road, but attempted to delegate its power to defendant, Ernest." This assignment involves the question whether an order was made by said court changing said road. We will observe, before considering the evidence, that plaintiff alleges in his petition, "That said defendant, on May 15, 1906, went before the Commissioner's Court of Atascosa County and got an order permitting him to change said road from a point where said road leaves the Pleasanton and Pearsall road; thence with the Pleasanton and Pearsall road to the west line of Sur. No. 1546; thence South with west line of said survey to S. W. corner of said survey; thence in a southwesterly direction to the Pleasanton and Tobey road, said change was to be made without expense to the county." It appears from the statement of facts that, "The defendant introduced an order of the Commissioner's Court authorizing the change in the Pleasanton and Tobey road which plaintiff seeks to enjoin, which order recites that the change was to be made at the expense of the defendant, Ernest."

Besides, the trial court in its conclusions of fact, which were not excepted to by the appellant, found "That on May 15, 1906, the Commissioner's Court of said County," (Atascosa) "upon the application of one freeholder in the precinct where said road lies, after investigation by said Court and by unanimous consent of all the Commissioners elected, passed an order changing the course of said road." The rule is well established that where one has failed to except to the findings of fact in the court below, he will not be heard to complain of such findings upon appeal. Continental Ins. Co. v. Milliken, 64 Texas, 48; Drake v. Davidson, 66 S. W. Rep., 891; Buster v. Warren, 80 S. W. Rep., 1065; Jamison v. Alvarado Compress Co., 99 S. W. Rep., 1053. Therefore, this finding of the trial court must be taken as conclusive of the fact that the Commissioner's Court did pass an order changing the course of said road. Arts. 4672 and 4696 expressly empower said court to make such change in public roads; and, the one in question being of the third class, the application to the court for the change, needed only to be signed by one freeholder of the precinct. The findings of the trial court show that the required application was made to the Commissioner's Court and that it complied with the provision of the statute in making such order. That the order provided the change should be made

at the expense of the defendant, did not affect its validity, nor in any way prejudice the plaintiff.

The second assignment of error is, "The court erred in holding that the Commissioner's Court could give permission to defendant to change the public road without first making investigation, and concluding that the change would be for the benefit of the public; for the change would not shorten the road but lengthen it." We fail to perceive anything in the record indicative of such a holding by the trial court. On the contrary, the findings of the District Court, when viewed in the light of the evidence, tend to show that the change will benefit the public, and that the order was made after investigation by the Court. It was for the Commissioner's Court to determine whether the proposed change in the road would be for the benefit of the public, and its decision of the matter cannot be reviewed unless it is clearly shown that there was an abuse of the power delegated to it by the Legislature, to the detriment of the public or some of its individual members. That the road would be lengthened by the change, does not show such abuse; for, sometimes, "the shortest way through is the longest way around."

It is complained by the third assignment that "The court erred in holding that the Commissioner's Court could make a legal order changing a public road without giving notice to those interested in the matter." The court made no such holding, that we can find in the record. It should be presumed in favor of the order, in the absence of proof to the contrary, that the court took every preliminary step essential to its validity.

The fourth assignment is not in the record, nor is it insisted on. The fifth is: "The court should have made the injunction perpetual, because the defendant swore that he would put the road through the Tobey pasture and fence the present road whether he got permission from the owner or not." The injunction, as modified by the final decree, restrains the defendant from fencing the present road until he fully complies with the order of the Commissioner's Court making the change. This frees plaintiff from any danger of defendant's doing what he swore he would do. Besides, we know of no principle which requires the District Court to render ineffective a valid order of the Commissioner's Court upon the ground that a party swore that he would do an act in derogation of it.

There is no error in the judgment and it is affirmed.

*Affirmed.*