### BRADFORD et al. v. MOSELEY et al.
### (No. 127–3011.)

(Commission of Appeals of Texas, Section B. June 6, 1920.)

1. Highways ⬷�ófine30(6) — Proceedings valid against life tenant though remaindermen are not served.

Proceedings for the opening of a road across lands owned by life tenant and remaindermen are binding against the life tenant if she was properly served, though the remaindermen were not served, and the life tenant is not entitled to injunction against the maintenance of the road.

2. Counties ⬷➤38—Commissioners' courts are courts of general jurisdiction.

Under Const. art. 5, § 1, making commissioners' courts part of the judicial system, section 8, giving district court appellate jurisdiction and supervisory control over them, and section 18, specifying their powers, and Vernon's Sayles' Ann. Civ. St. 1914, arts. 2241, 6860, commissioners' courts are not courts of limited and special jurisdiction, but are courts of general jurisdiction in the sphere of the powers conferred on them.

3. Counties ⬷➤38—Commissioners' courts are "courts of record."

Commissioners' courts, which are required by Rev. St. art. 2278, to authenticate all official acts under seal, are "courts of record."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Court of Record.]

4. Highways ⬷➤30(1)—Notice of proceedings must be given.

The notice required by statute for the opening of a road must be given the owner, and, if it is not given, the opening of the road may be enjoined.

5. Highways ⬷➤58(9)—Opening roads within discretion of commissioners' court reviewable only for abuse.

The commissioners' courts are given discretion in the matter of opening roads, and that

discretion, unless abused, cannot be reviewed, but, if it is abused, the revisory power of the district court may be exercised.

**6. Highways ⬥18—If there is general right of travel, road is "public road."**

Whether a road is public depends in a measure on the particular facts, but it does not depend on its length, its terminus, nor the number of people who use it; it is a public road if there is a general right to use it for travel even if it ends in a cul-de-sac.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Road.]

**7. Highways ⬥58(6) — Finding by commissioners' court of due notice and necessity for road is as binding as verdict.**

Finding by the commissioners' court that all statutory requirements were complied with, that due notice was given, and that the road was necessary are as binding on review as would have been the verdict of the jury.

**8. Highways ⬥64—Burden is on petitioner for injunction to show abuse by commissioners' court.**

In a suit to enjoin the maintenance of a road opened by the commissioners' court, the burden was on plaintiff to show by a preponderance of the evidence an abuse of discretion by the commissioners' court.

**9. Appeal and error ⬥1024(2) — Finding by district court that commissioners' court did not abuse discretion is binding.**

A finding by the district court in a suit to enjoin the making of a road that the commissioners' court did not abuse its discretion in opening road must be given on appeal with same force and effect as would be given the verdict of a jury.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by Mrs. Margaret C. Moseley and others against J. H. Bradford and others to enjoin the maintenance of a road. A judgment for defendants was reversed by the Court of Civil Appeals, and the injunction granted (190 S. W. 824), and defendants bring error. Reversed, and judgment of the district court affirmed.

W. F. Smith, of Palo Pinto, and Ritchie & Cousins and J. T. Ranspot, all of Mineral Wells, for plaintiffs in error.

W. H. Penix, of Mineral Wells, D. M. Alexander, of Ft. Worth, and H. L. Moseley, of Weatherford, for defendants in error.

### Statement of the Case.

KITTRELL, J. The litigation in this case arose over the opening of a road. Defendant in error Bradford owned and lived on a survey of 160 acres in Palo Pinto county which lies wholly within and is entirely surrounded by a ranch of 3,000 acres. Mrs. Moseley, one of the defendants in error, owns a life estate in the ranch, and the children of her husband and herself, eight in number, own the fee-simple title, subject to the life estate. For the sake of brevity, we will condense this statement, by setting forth only enough of the facts revealed by the pleadings, evidence, briefs, and the opinion of the Court of Civil Appeals as are necessary to an understanding of the case.

The proceedings taken to establish the road are marked by unusual regularity, and are in close, if not, indeed, in entire, conformity with the statutory requirements. Scrupulous care seems to have been taken to ascertain all of the jurisdictional facts, and notice was given to Moseley and his wife, and the jury of view sworn, all of which appears from the record. Mr. and Mrs. Moseley, after the road had been established, in the sense that it had been ordered opened, applied for and obtained a temporary injunction to stop any further action looking toward an actual opening of the road. Later that injunction was dissolved. The plaintiffs in that proceeding not prosecuting the appeal of which they gave notice, the commissioners' court proceeded to open the road; whereupon the plaintiffs amended their petition, and alleged that the action of the commissioners' court was void for a number of reasons assigned, and praying that maintenance of the road be enjoined, and that the fences erected to fence off the road from the balance of the ranch be removed.

Upon a hearing of the case on its merits, judgment was rendered against the plaintiffs, and injunction denied. The trial court found that Bradford had no road or outlet from his place to the public road, except across a survey owned by the Moseleys, and that for years Bradford had had what is termed a "gated road" to the Lipan road, by which we take it is meant there was a gate opening out the Moseley property into the Lipan road, and that road led from the gate to Bradford's house.

The survey of the road that was opened seems to have been very carefully made, and shows that from Bradford's house to the junction of the Lipan road, along the line fixed by the commissioners' court, it is a fraction over 2,136 feet; and the road was classed a second-class road, 30 feet wide. The only objection made on any ground concerning the proceedings taken by the commissioners' court is that the notice provided by the statute was not served on the children, the remaindermen. The only other ground of complaint made by the Moseleys, except that the action of the court was on legal grounds void, was that, "when the matter of the petition for said road came up for a hearing, the said court declined to permit the plaintiffs to introduce any evidence as to the necessity of opening said road."

From an adverse judgment on the merits, the defendants in error perfected their appeal to the Court of Civil Appeals, which court reversed and rendered judgment granting the injunctive relief prayed for and requiring removal of the fences erected on the sides of the road that was opened. Whether that judgment was correct is the question presented for our determination.

### Opinion.

The plaintiffs below (defendants in error here), among other grounds set up by them why the proceedings to open the road were "without authority of law and void," alleged "that the plaintiff Mrs. Margaret C. Moseley had a life estate in the land of said Moseley ranch, and the remainder, or fee, to said land is in her said children above named, and plaintiffs alleged that no such notice as is required by law was served on her and her said children," etc.

The record reveals that the father and mother were served personally by the sheriff and return duly made, but there was no service on the children.

As we construe the opinion of the Court of Civil Appeals, it did not consider or deal with the question of lack of notice to the remaindermen, but dealt only with the question of the sufficiency of the evidence to show notice to the mother and father.

In such state of the record the question presented itself to our minds whether we should hold the whole proceedings to have been void and leave the case as it was left by the Court of Civil Appeals on other grounds, or whether we should decide the questions involved as they relate to or affect those who, as parties, inaugurated the litigation.

[1] In view of the fact that the life tenant has a present interest in the subject-matter of the controversy, and that she is unquestionably bound by the action of the commissioners' court in the absence of abuse of its discretion by that court, and of the further facts that the remaindermen could exercise no control over the property, nor interfere with their mother's management except to prevent waste, and that they are not bound by the order of the commissioners' court because they were not parties to the proceedings, and are therefore left free to hereafter assert such rights, and to seek such relief as they may be entitled to, we have concluded that it is our duty to decide the case in the form in which it is presented.

[2] By the terms of section 1, art. 5, of the Constitution, commissioners' courts are made part of the judicial system of the state, and by section 8, art. 5, the district court is given appellate jurisdiction and general supervisory control over such courts, and by section 18 they (commissioners' courts) are given such power and jurisdiction over all county business as is conferred by the Constitution and laws. Among other powers conferred and duties imposed upon them is "to lay out and establish, change and discontinue public roads and highways." Article 2241, Vernon's Sayles' R. S. They are given power to, and it is made their duty to, order the laying out and opening of public roads when necessary. Article 6860, Vernon's Sayles' R. S. Being created by express constitutional provision, they are not courts of limited and special jurisdiction, but courts of general jurisdiction in the sphere of the powers conferred on them. Williams v. Ball, 52 Tex. 603, 36 Am. Rep. 730; Gaines v. Newbrough, 12 Tex. Civ. App. 466, 34 S. W. 1048.

[3] They are expressly held to be courts of record. Gano v. Palo Pinto Co., 71 Tex. 102, 8 S. W. 634. They must authenticate all official acts when such authentication is required by a seal prescribed by statute. R. S. art. 2278.

From the statutes and decisions the following rules of law and procedure are clearly deducible:

[4] First, that the notice prescribed by statute must be given the owner, and, if it is not given, opening of the road may be enjoined. McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027; Powell v. Carson County, 62 Tex. Civ. App. 197, 131 S. W. 235; Evans v. Santana, etc., 81 Tex. 622, 17 S. W. 232.

[5] Latitude and discretion is allowed commissioners' courts in the matter of opening roads, and, it being their duty to open roads "when necessary," they may act upon their own motion. Huggins v. Hurt, 23 Tex. Civ. App. 404, 56 S. W. 944; Allen v. Parker, 23 Tex. Civ. App. 536, 57 S. W. 703, writ of error denied.

The language of the statute (subdivision 7, art. 2241) as to "the power and duty of the commissioners' court as to courthouses and jails" is exactly the same as is subdivision 3, relating to roads, and it has been expressly held that the exercise of that power is left to the discretion of the commissioners' court. Cresswell, etc., v. Roberts, etc. (Civ. App.) 27 S. W. 737; Smith v. Ernest, 46 Tex. Civ. App. 247, 102 S. W. 129; Stratton v. Commissioners (Civ. App.) 137 S. W. 1170. That discretion, unless abused, cannot be reviewed by any other tribunal. McWilliam v. Commissioners (Civ. App.) 153 S. W. 368; Smith v. Ernest, supra. If the commissioners' court transcends or grossly abuses its power, the revisory power of the district court may be exercised. Bourgeois v. Mills, 60 Tex. 76; Porter v. Johnson (Civ. App.) 140 S. W. 472; Currie v. Glasscock Co. (Civ. App.) 183 S. W. 1193.

[6] What is a public road is in a measure dependent on the facts of each particular case, but the character of a road does not depend on its length, nor upon the place to which it leads, nor is its character deter-

mined by the number of people who actually travel upon it. Decker v. Menard (Ciy. App.) 25 S. W. 728; Elliott on Roads, §§ 1 to 7. A road may be established which is a cul-de-sac. Id. A road open to the public is a public road, though one person may be most benefited by it. Galveston, etc., v. Baudat, 18 Tex. Civ. App. 595, 45 S. W. 939. It is a highway if there is a general right to use it for travel, and if it is open to the use of all the people. Elliott on Roads, §§ 1–3; Sumner, etc., v. Interurban, etc., 141 Tenn. 493, 213 S. W. 412.

From the language of the opinion of the Court of Civil Appeals that court and this appear to be in substantial accord as to the controlling principles of law. Their application to the case is the only ground of difference. It is obvious from the statement of the case that the whole controversy resolves itself into one question: Did the commissioners' court of Palo Pinto county abuse the discretion vested in it by law in opening the road?.

[7] This is true because it is a part of the statement of facts that evidence of all the statutory requirements precedent to the opening of the road was offered, and that all were in due and legal form, and the trial court found that the commissioners' court determined that a necessity for the road existed, and that due notice was given. Such finding was as binding as would have been the verdict of a jury. Jordan v. Brophy, 41 Tex. 284; Cooper v. Horner, 62 Tex. 363; Willis v. Morris, 63 Tex. 460, 51 Am. Rep. 655; Mathis v. Oberthier, 50 Tex. 329.

The trial court concluded as a matter of law that all orders passed by the commissioners' court "* * * were in due and legal form, and made in conformity with law." Since the Court of Civil Appeals entered judgment reversing the judgment of the district court and granting the injunctive relief sought, it must have based its action on the ground that the commissioners' court had transcended its power and grossly abused its discretion. Our duty, as well as the respect to which the opinion of the Court of Civil Appeals is justly entitled, required at our hands an examination of the authorities cited by that court, and on which it apparently based its action, which examination we have made.

In the first case, Parker v. Ft. W., etc., R. R., 84 Tex. 333, 19 S. W. 518, the defendant (appellee) based its title on an act of condemnation of the strip of land for a right of way. The petition for condemnation alleged that the owners were "unknown," but the commissioners reported that they had given the notice required by law, and the decree recited that the owners had been given notice. There was no other evidence that the owner had any notice, and that was manifestly insufficient. In Cooper v. Newell (a Texas case)

the Supreme Court of the United States (173 U. S. 555, 19 Sup. Ct. 506, 43 L. Ed. 808) held that recitals in a judgment that the owner had been served and had duly appeared by counsel, was subject to contradiction, and the owner could prove he had not been served, and that the counsel had no authority to appear for him.

In the next case, Welton v. Dickson, 38 Neb. 767, 57 N. W. 559, 22 L. R. A. 496, 41 Am. St. Rep. 771, the road in controversy was "a private road." It is said in the opinion that no right in or to the "private road" was conferred on the public. Another Iowa case (Bankhead v. Brown, 25 Iowa, 540) cited in the Welton Case, from the opinion in which by Chief Justice Dillon the court in the Welton Case quotes at length, also involved a private road. Chief Justice Dillon says:

"With respect to the act * * * we are of the opinion that roads thereunder established are essentially private, that is, are the private property of the applicant therefor, because * * * the statute denominates them 'private roads.'"

In our judgment the case of Welton v. Dickson is not applicable to the case under consideration.

In Kansas, etc., v. Hyde, 196 Mo. 498, 96 S. W. 201, 7 L. R. A. (N. S.) 639, 113 Am. St. Rep. 766, the manifest purpose of opening the street was to benefit the property of certain members of the board of aldermen or house of delegates, and the Supreme Court of Missouri in effect, if not indeed in express terms, held that the whole attempted proceeding of condemnation was a sham and a legal and moral fraud.

There is no similarity between the cases cited above and this, except such deduction as can be drawn from the testimony of defendant in error Moseley that the road was opened for the benefit of Bradford.

We do not deem it necessary to prolong this opinion by further citation of authorities or discussion of the facts. The controlling question in the case was: Did the commissioners' court abuse its discretion in the exercise of its power? Under the law as laid down in the authorities above cited on that point the district court had jurisdiction to determine that question, and, if such abuse was found, to correct it.

[8] The burden of proof was on the plaintiff to show such abuse of discretion by a preponderance of the evidence. The only testimony on the point was that of one of the plaintiffs, an interested party.

[9] The district court heard the case without the intervention of a jury and found in express terms that the commissioners' court had not abused its discretion, and its conclusion so reached after hearing all the testimony offered must, as has been said, under a familiar rule be given the same force and

effect as would be the verdict of a jury. Authorities supra.

This being true, in our judgment the Court of Civil Appeals erred in reversing the judgment of the district court and rendering judgment for appellants, defendants in error here, granting the injunctive relief prayed for.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the district court be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.