**ALEXANDER et al. v. SINGLETON et al.**
No. 11284.

Court of Civil Appeals of Texas. Dallas.
May 14, 1932.

Rehearing Denied June 11, 1932.

Tom C. Clark and Guy L. Mann, both of Dallas, for appellants.

John W. Pope and Grady Niblo, both of Dallas, for appellees.

Burgess, Burgess, Chrestman & Brundidge and O. D. Brundidge, all of Dallas, amici curiæ.

JONES, C. J.

Appellees, Vernon Singleton and ten others, instituted this suit against the commissioners' court of Dallas county, composed of F. H. Alexander, county judge, and the four precinct commissioners of Dallas county, to restrain them from entering into a contract with the state highway commission in reference to the construction of what is termed the "alternate route" of highway No. 1 (Fort Worth-Dallas pike); such new construction to leave the present route of said highway near the crossing of Westmourland road and to run in a somewhat northeasterly direction to Commerce street bridge, a distance of 3.85 miles. On presentation of the duly verified petition, the court granted a temporary injunction without notice or hearing to appellants. Appellants at once perfected an appeal to this court, and the alleged and duly verified facts of the petition become the statement of facts. These facts are as follows:

For several years, highway No. 1 has entered the city of Dallas on Davis street and has followed such street to Zangs boulevard into the city of Dallas by way of the Oak Cliff viaduct. What is termed the "alternate route" leaves highway No. 1 some distance west of the western limits of the city, near where Westmourland road crosses Davis street, and extends through an entirely different territory.

Approximately twelve years previous to the filing of this suit, Davis street was a narrow unpaved street, or alley, in the Oak Cliff portion of the city of Dallas. It was designated as the route of state highway No. 1, on the condition that it would be widened and paved, which condition was fulfilled. Appellees, and all other owners of real estate abutting on Davis street, have a property interest in maintaining the route of highway No. 1 at its present location. The promise was made by a member of the state highway commission, at the time of the designation of the route on Davis street, that such street would continue to be the route of highway No. 1, and, relying on such promise, the property owners on said street gave valuable property for the necessary widening of the street and have since invested large sums of money in improvements on said street in the erection of business houses, and other improvements. Their claim is, if the present intention of the state highway commission is carried out, in reference to the designation of an alternate route into the city of Dallas and its immediate completion, they will suffer damages to an extent of $1,000,000. However, as we understand the petition, the suit is not predicated on the promise made at the time Davis street was designated as the route of highway No. 1, nor is it predicated on any bad faith or violated promise of the state highway commission, for such commission is not made a party to this suit; such allegations are made in order to give the historic background and accentuate the wrongs that are now threatened them, and about which they complain in this suit. The suit is predicated on alleged violations by appellants of certain orders made by appellants in respect to the contemplated improvement of this highway.

On January 12, 1931, appellants, sitting as the commissioners' court of Dallas county, passed the following resolution:

"Whereas the State Highway Department is now engaged in the widening and improving of State Highway No. 1 in Tarrant County from the City of Fort Worth to the Dallas County line with a 100 foot right of way and 36 feet of pavement; and,

"Whereas the State Highway Department has signified its intention of also widening and improving said State Highway No. 1 in Dallas County from the Tarrant County line to the corporate limits of the City of Dallas,

"Now, therefore, be it resolved by the

County Commissioners' Court of the County of Dallas, in regular meeting of said Commissioners' Court, on this, the 12th day of January, A. D., 1931, as follows:

"We, the Commissioners Court of the County of Dallas, hereby go on record as favoring the widening and improving of State Highway No. 1 along its present designated route entering and over Davis Street."

This order is signed by the county judge and each commissioner in his official capacity, and is placed on the minutes of the commissioners' court of the county of Dallas.

A resolution was passed on March 3, 1931, by the state highway commission in which such commission obligated itself to widen, construct, and pave highway No. 1 from the Tarrant county line up to and over Davis street, conditioned that the city of Dallas should widen Davis street to meet the requirements of the highway commission; and, in pursuance of this resolution by the highway commission, appellees, and other citizens of Dallas similarly situated, proceeded to and did carry out the requirement to widen Davis street, at a cost in excess of $60,000. The order of March 3d is not set out verbatim in appellees' petition, but only in substance.

After there was shown a willingness to comply with the request of the state highway commission, in respect to paving and widening of Davis street, the highway commission on September 21, 1931, amended its former order, as follows: "That if Dallas County will furnish not less than one hundred feet right-of-way from a point on State Highway No. 1 near Westmourland Road to the Commerce Street bridge on location made by the State Highway Department, that the State Highway Department will construct Unit No. 1, with the understanding that when Unit No. 2 is constructed, Dallas County will reimburse the Department for its portion of both Unit No. 1 and Unit No. 2. The State Highway Engineer is instructed to advise Dallas County of this action, and to ask for official action of the County confirming this arrangement. This action, however, is not to be taken in any manner as affecting the present route of Highway No. 1 through Oak Cliff."

On October 22, 1931, appellants, sitting as the commissioners' court of Dallas county, entered the following order:

"October 22, 1931, be it remembered, that on this the 22nd day of October, 1931, came on to be considered the following orders and proposals of the State Highway Department. The order of October 19, 1931, is as follows: 'In Dallas, The State Highway Engineer is authorized to advertise for bids for the construction of grading and drainage structures on State Highway No. 1 from Rosemont Street to the Tarrant County line on condition that Dallas County will secure not less than one hundred feet of right-of-way on Highway No. 1, and in addition thereto not less than one hundred feet of right-of-way on what is known as the alternate route, beginning in the neighborhood of Westmourland Street and running to the Commerce Street viaduct'—Minute 4984.

"Also an order passed by the State Highway Department on September 21, 1931, as follows:

" 'That if Dallas County will furnish not less than one hundred feet of right-of-way from a point on State Highway No. 1 near Westmourland Road to the Commerce Street bridge on location made by the State Highway Department, that the State Highway Department will construct Unit No. 1, with the understanding that when Unit No. 2 is constructed, Dallas County will re-imburse the Department for its portion of both Unit No. 1 and Unit No. 2. The State Highway Engineer is instructed to advise Dallas County of this action, and to ask for official action of the County confirming this arrangement. This action, however, is not to be taken in any manner as affecting the Present route of Highway No. 1 through Oak Cliff.'

"After careful consideration of the above orders of the State Highway Department, it is the opinion of the Commissioners Court that the same should be approved.

"It is, therefore, ordered, adjudged and decreed by the Commissioners Court that the above proposals and orders of the State Highway Department be accepted and approved.

"It is further ordered by the court, that we join with Highway Committee of the Dallas Chamber of Commerce and the Oak Cliff-Dallas Commercial Association requesting the State Highway Commission to delay the beginning of work on Unit No. 1, of what is known as the alternate route from Highway No. 1 to the Commerce Street bridge until Unit No. 1 on the Davis Street route from Rosemont street to the Tarrant County line has been completed."

On April 4, 1932, the state highway department received bids for the grading and drainage of the alternate route beginning at the west end of the Commerce street bridge in the city and county of Dallas, and running in a southwesterly direction, a distance of 3.81 miles and connecting with the present route of highway No. 1 at a point approximately 2,000 feet west of where the Westmourland road crosses such highway, and on said date awarded a conditional contract in the sum of $42,010 for the grading and drainage of this highway, the condition being that appellants, as the commissioners' court of Dallas county, will furnish the right of way for such alternate route and pay all charges therefor, and remove all obstructions therefrom.

It is alleged that appellants, as the commissioners' court of Dallas county, will accept the conditions named and will enter into a contract with the highway commission to secure the right of way necessary for the construction of the alternate route of highway No. 1, though it had no money on such date at its disposal to meet such an obligation; that by entering into such contract it will violate its orders heretofore entered, on which appellees and others similarly situated had relied, and were thus caused to make large expenditures of money, and thereby enable the state highway commission to complete the construction of said alternate route before the construction of the Davis street route, to the great damage of appellees.

Appellees' theory is that appellants estopped themselves from entering into any contract with the state highway commission, which would result in the construction of the alternate route of highway No. 1, before the improvement of the Davis street route of such highway, by the passage of the above resolutions, on the faith of which appellees expended large sums of money. They claim that the facts they allege bring their suit within the principles of that line of decisions of which Moore v. Coffman, 109 Tex. 93, 200 S. W. 374, is representative. The doctrine announced by these decisions is that, if a commissioners' court has decided on the construction or improvement of highways in its county, and orders a bond election for such purpose, and in the election order specifically describes the improvements to be made, it has estopped itself from making other and different improvements than those specifically described.

Appellants contend that (1) the district court erred in granting the injunction, ex parte, against public officials preventing them from performing a public duty, because the petition does not present a case that warrants such drastic action; (2) there is a fatal defect in the petition as to necessary parties, in that the petition shows that, if appellees are entitled to the relief they seek, it is against the state highway commission rather than the Dallas county commissioners' court; (3) the allegations in appellees' petition do not show a case of equitable cognizance, in that the statutes of this state vest full administrative control of all state highways in the state highway commission with respect to the designation, location, relocation, improvement, construction, abandonment, or discontinuance of highways designated as state highways, and do not vest such power in the various county commissioners' courts; (4) the petition does not show that appellants have in any manner estopped themselves from acceding to the request of the state highway commission to procure and clear the right of way for the said alternate route.

The powers of the state highway commission are statutory. Article 6663, R. S. 1925, vests the administrative control of the state highway department in the state highway commission and the state highway engineer. Article 6673, supra, gives authority to the state highway commission to take over and maintain various state highways in Texas, at the expense of the state highway department. Article 6674c, Vernon's Ann. Civ. St. declares that: "The commissioners' court of each county in the State is hereby authorized to aid the construction and maintenance of any section or sections of a macadamized, graveled or paved road or turnpike in said county constituting a part of the State Highway System and to enter into contracts or agreements with the State Highway Department for that purpose. Any moneys in the available road fund of the county or any political subdivision or defined district thereof may be appropriated for the purpose of granting such aid. * * *"

Article 6674n, Vernon's Ann. Civ. St., gives to the state highway commission the right of condemnation for right of way and materials, and provides for the manner in which such right of condemnation may be exercised.

The effect of the statutes above cited, as construed by our Supreme Court in Robbins v. Limestone County, 114 Tex. 345, 268 S. W. 915, 920, is to vest in the highway commission "powers to formulate and execute plans and policies for the location, construction and maintenance of a comprehensive system of state highways and public roads."

Under the provisions of such statutes, the power to designate the route to be taken by state highway No. 1 in entering and passing through the city of Dallas is vested alone in the state highway commission; also the power to determine whether there shall be provided one or more routes for said highway through and over the territory of the city of Dallas. In other words, in the instant case, the state highway commission is given by law the power to continue the Davis street route as the sole route into the city of Dallas, or to provide, in addition to the Davis street route, the alternate route, which would divert traffic from the Davis street route. Appellees do not question this power of the state highway commission. The power is also vested alone in the state highway commission to determine which of the two selected routes shall be first improved, and appellees do not question this power of the state highway commission. What they do question is the power of appellants, because of its two former orders expressing a contrary view, to join with the state highway commission in first completing the construction of the alternate route.

The state highway commission has availed itself of its statutory right, as given

by article 6674c, Vernon's Ann. Civ. St., to require of Dallas county the securing of a 100-foot right of way, and the clearing of same of all obstructions, as a condition precedent to such commission's constructing a paved road on such alternate route, and the petition shows that appellants, as the commissioners' court of Dallas county, will waive its views as expressed in the said orders, and meet the said condition of the state highway commission by at once securing the right of way for such route. It is to prevent such action on the part of appellants that appellees have sought injunctive relief from a court of equity. Under such a state of facts, we are of the opinion that the state highway commission is not a necessary party and overrule the contention of appellants in this respect.

We shall pass over, without discussion, appellants' claim that appellees' petition does not present a case that warranted the action of the district judge in granting the ex parte injunction, for the reason that the subject-matter presented in this suit is of vital public interest and should be decided without the delay necessarily incident to the sustaining of this contention and a reversal and remanding of the case only for the purpose of a hearing on the right to temporary injunction. On this question we express no opinion, but will pass to a discussion of appellees' right to equitable relief under the facts made by their pleadings.

■■■ The primary question is, Has the commissioners' court of Dallas county estopped itself from entering into the proposed agreement with the state highway commission to secure the right of way of the alternate route at the expense of Dallas county, because of its former orders of January 12, 1931, and October 22, 1931? The first order merely expresses the opinion of the members of the commissioners' court that the highway commission should make the contemplated improvements of state highway No. 1 along the Davis street route. The expression of such an opinion is not the performance of any official duty placed on appellants, for the duty of selecting such route rests solely on the state highway commission. The second order is only a request, directed to the state highway commission, to complete the contemplated improvements of the Davis street route before entering upon the construction of the alternate route. In making this request, appellants were performing no official duty, for the duty, in respect to which the request was made, rests solely upon the state highway commission. It was of course the privilege of appellants to express their opinion, as they did by the first order, and to make the request contained in the second order. As members of the commissioners' court, appellants are necessarily cognizant of the traffic conditions that call for the improvements the state highway commission has signified its intention of making, and appellants' suggestion and request should, and doubtless did, have serious consideration from the state highway commission, but it was within the right and power of the commission to reject such suggestion and such request.

Appellants, as the commissioners' court of Dallas county, are now requested by the state highway commission to perform a public duty resting upon them as public officials, to wit, the securing of a 100 foot right of way for the alternate route over highway No. 1 for a distance of 3.81 miles. Have their unofficial acts, as above enumerated, estopped them from the performance of such duty? It is elementary that it is only official acts which can form any basis for the estoppel of a public official from the performance of a subsequent public act not in harmony with former acts. County commissioners' courts, in the matter both of the designation and the improvement of state highways, are subordinate to the state highway commission. It would be a strange doctrine that members of a commissioners' court could make suggestions or requests to the state highway commission, in respect to state highways traversing their county, only at the peril of estopping themselves from carrying out the request of the state highway commission, which was contrary to the suggestion or request made by a commissioners' court. There is no element of estoppel in this case.

■■ It appears from this record that the commissioners' court of Dallas county has done all in its power to preserve good faith with appellees, in securing to them whatever advantage they would derive from the Davis street route, on which route they have expended large sums of money, and because of which they have made large investments. Also, that the state highway commission gave recognition to the interest of appellees in the Davis street route, when it first designated the so-called alternate route September 21, 1931, by solemnly declaring that, "this action however is not to be taken in any manner as affecting the present route of Highway No. 1 through Oak Cliff." It is a reasonable conclusion that the state highway commission, viewing the matter from the standpoint only of the public interest, as is its duty, and considering the great amount of traffic over highway No. 1, concluded that it was necessary to construct two routes to take care of such traffic. Such conclusion is final on the public and on the commissioners' court of Dallas county. Likewise, the conclusion of the highway commission to construct the alternate route before widening and completing the improvements on the Davis street route is the exercise of a lawful discretion which is binding on the public and the commissioners' court of Dallas county. The purpose of the commissioners' court to join with the

highway commission in the construction of the alternate route, after a rejection of their requests and suggestions, as expressed in their two resolutions, is the exercise of a lawful discretion by such commissioners' court and is binding on appellees and the public generally. The views here expressed are sustained by a number of authorities, a few of which we cite: Mrs. W. G. Nairn et al. v. Robert Bean et al. (Tex. Com. App.) 48 S.W.(2d) 584, not yet reported [in State report]; Camp v. Thomas (Tex. Civ. App.) 26 S.W.(2d) 470; Heathman v. Singletary (Tex. Com. App.) 12 S.W.(2d) 150; Cunningham v. Koons (Tex. Civ. App.) 33 S.W.(2d) 761; Grayson County v. Harrell (Tex. Civ. App.) 202 S. W. 160.

It necessarily follows, in our opinion, that the order of the district court of Dallas county, granting the temporary writ of injunction, must be reversed, and such injunction dissolved, and it is so ordered.

LOONEY, J., disqualified and not sitting.