**BOBBITT et al. v. GORDON.**

No. 3285.

Court of Civil Appeals of Texas. Beaumont.

Aug. 17, 1937.

Rehearing Denied Aug. 17, 1937.

A. L. Shaw, of Beaumont, William Mc-Craw, Atty. Gen., and E. W. Easterling, Co. Atty., of Beaumont, for appellants.

Geo. M. Sonfield and Duff & Cecil, all of Beaumont, for appellee.

## PER CURIAM.

By judgment dated the 22d day of July, 1937, Hon. Geo. C. O'Brien, judge of the district court of Jefferson county Fifty-eighth judicial district, entered his order overruling the motion of appellants, the state highway commission, Robert Lee Bobbitt, Barry Hines, and John Wood, who compose the state highway commission, Gibb Gilchrist and G. A. Bracher, engineers of the state highway commission, B. B. Johnson, Ben F. Shipley, H. O. Mills, L. Welsh, and Thomas E. Kelly, county judge and county commissioners of Jefferson county, to dissolve a temporary injunction theretofore granted appellee, Julius Gordon, against appellants, and perpetuated the temporary injunction until trial of the case on its merits, restraining appellants and each of them, "their agents, servants and employees from altering, changing and taking any steps, or doing anything in furtherance of altering, changing or relocating said highway 8 and 40 by pass, and from constructing any other highway along and parallel with the west boundary line of the right of way of the Texas & New Orleans Railway Company, or over and across any portion of the property of the plaintiff, Julius Gordon."

The case is before us on appeal from that order; appellants' principal points are that the court erred in overruling their plea to the jurisdiction of the district court to entertain the petition for injunction, to the effect that the matters in controversy were in issue between the same parties in county court of Jefferson county at law in condemnation proceedings, and that the court erred in overruling their general demurrer to the plaintiff's petition upon which the temporary injunction, together with the supporting evidence, was granted.

The following are the facts on the plea in abatement: By petition filed in the county court of Jefferson county at law on the 10th day of May, 1937, the appellants, named in the petition as hereinafter set out, instituted condemnation proceedings against appellee, Julius Gordon, and Mrs. Gladys Price, individually and as independent executrix of the estate of J. B. Price, deceased, to condemn a right of way for public road purposes over and across certain land belonging to Mr. Gordon and against which Mrs. Price held a lien; the land was fully described in the petition from which we quote as follows:

"Now comes the State of Texas, acting herein by and through the Commissioners' Court of Jefferson County, Texas, composed of B. B. Johnson, County Judge; Ben F. Shipley, Commissioner of Precinct No. 1; H. O. Mills, Commissioner of Precinct No. 2; L. Welch, Commissioner of Precinct No. 3; and Thomas E. Kelley, Commissioner of Precinct No. 4, hereinafter called petitioner, and complaining of Julius M. Gordon and Mrs. Gladys Price, individually and as Independent Executrix of the estate of J. B. Price, deceased, hereinafter called defendants, and represents and alleges to the court as follows:

"That B. B. Johnson is the duly elected and qualified County Judge of Jefferson County, Texas, and that Ben F. Shipley, H. O. Mills, L. Welch and Thomas E. Kelly, are the duly elected and qualified County Commissioners of said county. That they all reside in Jefferson County, Texas. That the defendants reside in Beaumont, Jefferson County, Texas, where service of process may be had upon them.

"That the State of Texas is now constructing, reconstructing and laying a State highway, designated as such the Highway Commission of Texas, in Jefferson County, Texas; that such constructing and reconstructing upon said highway is surveyed through, across and upon, and

will cross and run through the following described real property, to-wit:" (here follows description of land)

"That in the judgment of said Commissioners' Court, it is necessary, advisable and expedient to occupy, use, and own the land hereinabove described, and to run a road across the same in the manner provided by law, for the purpose of opening, laying, building, constructing and improving State Highway No. 40.

"That for the reasons and purposes above set out, it is necessary that the State of Texas, through the Commissioners' Court of Jefferson County, Texas, acquire, take, hold, occupy, use and own said above described property for the purpose of constructing, direction and maintaining a State highway, designated as State Highway No. 40, and that said Commissioners' Court has attempted to, but cannot agree with said defendants upon the amount to be paid for said land, nor for the damages, if any there be, due said defendants occasioned by the use of said land, but the Commissioners' Court of said County has offered said defendants the sum of Three Thousand ($3,000.00) Dollars for said land, and the damages, if any, which said sum is the reasonable market value of said land and is in excess of the damages which would be incurred, if any, by running said highway through said defendants' property, and said defendants have wholly refused to accept the same or to agree with said petitioner upon the value of said property, and the damages incurred thereby, if any, and petitioner has been unable to compromise or settle with them, by reason whereof said Commissioners' Court has been compelled to institute condemnation proceedings to condemn said property, which is actually needed for said highway hereinbefore described, and all of which said land your petitioner is entitled by law to condemn.

"Wherefore, your petitioner respectfully prays the County Judge of Jefferson County, Texas, to forthwith in the manner required by law, name, designate and appoint three (3) disinterested freeholders, citizens of Jefferson County, Texas, as Special Commissioners, to assess the damages, if any, accruing to said defendants, and that said decision of said commissioners, when reported to the Court as required by law, be recorded in the Minutes of said Court, as the judgment of the Court, and for such other and further relief, special and general, in law and in equity, to which it may be justly entitled."

On application duly made under appellants' petition, commissioners were appointed by the county court of Jefferson county at law on the 17th day of May, and on the 24th day of May these commissioners filed the oath required of them by law. Citation duly issued on the 8th day of June to Mr. Gordon and Mrs. Price, and was duly served on the 11th day of June. On the 11th day of June Mr. Gordon filed in the Fifty-eighth district court his petition against appellants, praying that temporary writ of injunction issue in his favor restraining appellants from doing the things enumerated in the court's order, copied above. This petition was presented to Judge O'Brien, judge of the Fifty-eighth district court, in chambers on the 11th day of June, and the writ of injunction was granted as prayed for. The plea to the jurisdiction was cited as part of appellants' motion to dissolve the temporary writ of injunction.

 It is the general rule that the institution of condemnation proceedings in the county court vests that court with prior and exclusive jurisdiction, as against a petition for injunction filed in the district court, to hear and determine all matters at issue in the condemnation proceedings. Gulf Coast Irr. Co. v. Gary, 118 Tex. 469, 14 S.W.(2d) 266, 17 S.W.(2d) 774; Ellis v. Houston, etc., R. R. Co. (Tex. Civ.App., Writ refused) 203 S.W. 172; Cook et al. v. Ochiltree County (Tex.Civ. App.) 64 S.W.(2d) 1018; Tarrant County v. Shannon (Tex.Sup.) 104 S.W.(2d) 4; Texas & N. O. R. R. Co. v. City of Beaumont (Tex.Civ.App.) 285 S.W. 944. However, in the Shannon Case, supra, Judge Sharp said that the general rule was subject to the exception that, if the condemnation proceedings are void for want of power or jurisdiction in the county court to hear and determine the matters at issue, then such condemnation proceedings may be enjoined. Appellee, conceding the principal proposition, invokes the exception recognized by Judge Sharp in the Shannon Case, and asserts that the condemnation proceedings, as instituted in the county court of Jefferson county at law, were wholly void, and were ineffectual to invest the county court at law with power and jurisdiction to hear and determine the merits of the controversy; he says,

"Appellee earnestly contends and submits to this court that the petition for condemnation is fatally defective, and is not sufficient to confer jurisdiction on the County Court to proceed with the condemnation of appellee's land in accordance with the statutes of this state, because there is no allegation in said petition that the State Highway Commission took any action or did anything whatever prior to the filing of such petition for condemnation evidencing the exercise of the judgment and discretion required to be exercised by it by the express wording of the statute quoted. The petition for condemnation is, therefore, irregular and fatally defective. Certainly it should have contained an allegation substantiated by proof of the fact, if a fact, that the proceedings for condemnation were instituted following and as a result of the exercise of the judgment and discretion required by said statute to be exercised by the Highway Commission prior to the institution of any such proceeding.

"There is no showing in the petition for condemnation that the State Highway Commission, following and as a result of the exercise of its judgment, as required by the statute, has ever requested the Commissioners' Court to acquire the land involved in the condemnation proceedings, nor has the State Highway Commission, so far as the record in this case is concerned, furnished to the County Commissioners' Court the plats or field notes of such right of way or land and the description of such material as may be required, as is required of them by the terms of the statute."

This contention is denied. That the county court of Jefferson county at law had inherent power to hear and adjudicate the condemnation issue cannot be questioned. The petition for condemnation named the plaintiffs and the defendants, fully described the land to be condemned, and prayed for the appointment of commissioners and the issuance of citation. On its face it recited that the state of Texas was the plaintiff, acting through the commissioners' court of Jefferson county, that the state of Texas was constructing the highway in issue, and that it had been designated by the highway commission of the state of Texas. The intendments of these allegations made the petition good as against a general demurrer, subject to amendment, and, therefore, it

was not subject to the general exception urged against it by appellee. The petition was sufficient to invoke the jurisdiction of the county court of Jefferson at law to hear and determine the issue of condemnation; the defects, if in fact the petition was defective, were mere irregularities, subject to amendment by the plaintiffs on proper special exceptions presented by appellee in that proceeding. On this statement the lower court erred in overruling appellants' plea to the jurisdiction of the district court.

But, if the petition for condemnation was sufficient to invoke the jurisdiction of the county court of Jefferson county at law, yet appellee insists that the district court had jurisdiction of his petition for injunction because he pleaded the following grounds for relief not available to him in county court;

1. Before buying the property he interviewed the county judge and one of the commissioners and they assured him that the road would not be located on and across this particular property. There is no contention that he presented this matter to the commissioners' court or that the court acted upon it; he pleaded only that he saw the county judge and this commissioner, and that they, individually, made the statement to him that this property would not be used, and that, relying on these promises, he bought the property. It is the established law of the state that a member of the commissioners' court, acting in his personal capacity, cannot bind the court. Camp v. Thomas (Tex. Civ.App.) 26 S.W.(2d) 470.

2. Appellants, in attempting to locate the road across appellee's property, failed to give him notice of such intention, or post or advertise or serve any sort of notice of such intention. The state of Texas, acting through its highway commission, was not required to give notice of its intention to locate a road across appellee's property. State Highway Commission v. Humphreys (Tex.Civ.App.) 58 S.W.(2d) 144.

3. In locating the road across appellee's property, appellants grossly abused the discretion invested in them by law to locate, construct, and build public roads, in that there were available to appellants at least three shorter, more practical and economical routes, etc. These facts do not support the allegation of gross abuse of discretion. In Grayson County v. Harrell

(Tex.Civ.App.) 202 S.W. 160, 163, it was said, "But it has been held that 'the abuse of discretion, to justify interference with the exercise of discretionary power, implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" No such allegations were made by appellee in his petition for injunction. This proposition of law from Grayson County v. Harrell is the law of this state. Cook v. Ochiltree County, supra; Heathman v. Singleterry (Tex.Com.App.) 12 S.W.(2d) 150, 153; Nairn v. Bean (Tex.Com.App.) 48 S.W.(2d) 584; San Patricio County v. Maxwell (Tex.Civ.App.) 56 S.W.(2d) 295; Mosel v. Real (Tex.Civ.App.) 49 S.W.(2d) 475; Alexander v. Singleton (Tex.Civ. App.) 50 S.W.(2d) 893, 894; Tippett v. Gates (Tex.Civ.App.) 223 S.W. 702; Smith v. Ernest, 46 Tex.Civ.App. 247, 102 S.W. 129.

We quote the following proposition from Johnson v. Ferguson (Tex.Civ. App.) 55 S.W.(2d) 153, 159, 160, as a correct statement of the law, controlling the exercise by the highway commission of its discretion in locating a public road. "In matters of judgment touching the commissioners' functions, theirs, and not that of another, is supreme. Certainly their acts other than those of a purely ministerial nature should not be stayed at the hands of the courts, and the important functions of the department thereby impeded or impaired, except upon verified allegations of fact showing unequivocally that they are exceeding the bounds of their legal authority; and as certainly: Their acts 'in the exercise of an honest discretion, must be respected when untainted by fraud and unassailed on account of accident or mistake occurring in their performance, or such abuse of discretion as under the authorities would avoid the same. Heathman v. Singletary (Tex.Com. App.) 12 S.W.(2d) 150; Porter v. Johnson (Tex.Civ.App.) 140 S.W. 469; Smith v. Ernest, 46 Tex.Civ.App. 247, 102 S.W.

129.' Nairn v. Bean (Tex.Com.App.) 48 S.W.(2d) 584, 586."

We have given careful consideration to every allegation of appellee's petition, and, under the authorities, are forced to the conclusion that his petition did not set forth facts, entitling him to injunctive relief. Therefore, it is our conclusion that the court erred in overruling appellants' general demurrer.

Since submission, appellee has filed a motion to dismiss the appeal for want of jurisdiction. The motion is grounded on the contention that this appeal is not from the court's order refusing to dissolve the temporary injunction, but only from the rulings of the trial court overruling the plea in abatement and overruling the general demurrer, neither of which orders are appealable.

Appellee's contention is not supported by the record. This appeal is from the judgment entered by the trial court, refusing to dissolve the temporary injunction and continuing the same in force. True, the appellants brought up in the transcript, as a part of the record, order overruling their plea in abatement and their demurrer and exceptions. It is also true that they brought up no statement of facts other than the evidence adduced on their plea to the jurisdiction and it is also true that appellants here urge the lack of jurisdiction of the trial court and of the insufficiency of the petition to state a cause of action for the relief granted, and, incidently, the error of the court in overruling the plea in abatement and the demurrer. But, these are urged as grounds for reversal of the trial court's order and the dissolving of the injunction. Obviously, the mere fact that appellants urge such grounds for reversal of the trial court's order does not alter the fact that the appeal was from the judgment refusing to dissolve.

The judgment of the lower court is reversed and the injunction dissolved.