

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

May 7, 1953

Hon. Robert K. Ramsey
County Attorney
Kaufman County
Kaufman, Texas

Opinion No. S-38

Re: Highway Department's interest in illegally collected, non-resident, registration fees and its authority to collect same from the county.

Dear Sir:

Your request for an opinion of this office reads as follows:

"Reference is made to a letter addressed to you from the Honorable Chairman of the State Highway Commission dated March 27, 1953, requesting an opinion relative to the collection of Automobile Registration Fees. In connection with this inquiry I would like to submit the following questions for an opinion:

"1. Does the State Highway Commission have authority to collect from a County, Automobile Registration Fees paid the County by non-residents, after an admittedly correct apportionment of such fees under the terms of Article 6675a-10 has been made by the County Tax Collector?

"2. Does the Texas Highway Department have the authority to withhold funds from a County's Farm-to-Market Road Program for the purpose of enforcing such County to pay the Highway Commission Automobile Registration Fees collected from Registering Motor Vehicles owned by non-residents of the County, after an admittedly correct apportionment of such fees under the terms of Article 6675a-10 has been made by the County Tax Collector?

"3. After a County has received Registration Fees for motor vehicles from non-resident owners, and deposited the county's portion of such fees in the County Road and Bridge Fund, after an admittedly correct apportionment of such fees under the terms of Article 6675a-10 has been made by the County Tax Collector, does said County have authority to take money out of the Road and Bridge Fund, or any other Fund, and pay same to the Texas Highway

Department to settle a claim of the Highway Department
for Automobile Registration Fees collected on Motor Ve-
hicles registered in the County by non-residents of the
County? "

Section 2, Title 116, Chapter 1 of Vernon's Civil Sta-
tutes of 1925 is comprised of a number of statutes beginning with Ar-
ticle 6675a-1 and terminating with Article 6686, regulating registra-
tion of motor vehicles. Article 6675a-2, V.C.S., reads in part:

"Every owner of a motor vehicle, trailer or semi-
trailer used or to be used upon the public highways of this
State shall apply each year to the State Highway Department
through the County Tax Collector of the county in which he
resides for the registration of each such vehicle owned or
controlled by him for the ensuing or current calendar year
or unexpired portion thereof."

Subsequent statutes levy fees upon the motor vehicles, and, Article
6675a-10, V.C.S. requires the County Tax Collector to collect the fees
and apportion such moneys between the county's Road and Bridge Fund
and the State Highway Department.

(1) The collection by the County Tax Collector of Regis-
tration fees from non-resident motor vehicle owners is an unlawful
collection. Miller v. Foard County, 59 S.W.2d 277 (Tex.Civ.App. 1933).
There is a complete dearth of cases interpreting the authority of the
State Highway Department to require the county to pay over such fees
to the Department. This office in the past has consistently held that
the County Tax Collector is the agent of the State Highway Department
when he acts by virtue of the registration laws. See Atty. Gen. Op. Nos.
O-2050 (March 18, 1940) and V-234 (June 5, 1947). The County Tax
Collector issues the Highway Department's license receipts and license
plates to motor vehicle owners upon their filing of applications, also
supplied by the Highway Department, and the payment of a fee by such
motor vehicle owner. The Collector holds himself out to the public as
having acted in behalf of the Highway Department. The Registration
fees collected are in the "nature of a toll for the use of the highway,"
Payne v. Massey, 145 Tex. 237, 196 S.W.2d 493 (1946), and, the High-
way Department is the agency designated by the legislature to be vest-
ed with the control of our Highway system. Robbins v. Limestone
County, 114 Tex. 345, 268 S.W. 915 (1925).

Article 6675a-9 provides that the Highway Department
is to furnish the County Tax Collector a "complete and detailed sche-
dule of license fees to be collected" on the various types of vehicles,
such fees to be determined by the Highway Department. Article 6675a-
10a establishes in the Department the power to make careful audits of

the license fees collected pursuant to the laws of registering motor vehicles. Article 6684 specifically grants to the Department the authority to determine the classification of vehicles and the amount of fees to be paid by such vehicle owners.

A fact further substantiating the view that the County Tax Collector acts as the agent of the Highway Department, rather than his County, is the statutory fee to which he is entitled, compensatory for registering motor vehicles. See Article 6675a-11, V.C.S. Such a provision is in accord with the general practice of compensating an officer of one governmental unit for collecting taxes levied by and owing another unit. 51 Am. Jur. 844, Taxation, Sec. 964.

"Accounting for Moneys Received Officially but without Authority. A Collector of taxes must pay over to the proper authorities all funds which come into his hands officially, regardless of whether the tax collected by him was a constitutional tax, or whether it was illegal or void, or improperly collected. Whatever he actually collects as taxes by virtue of his office he must pay over to the body politic for which he was acting; . . ." 51 Am. Jur. 873, Taxation, Sec. 1000.

The County is not entitled to any funds not lawfully collected by virtue of the Registration statutes. The Tax Collector should pay such moneys over to the body politic for which he was acting, in this instance the State Highway Department. When unlawfully collected fees are given to the custody of the County, the Department has a lawful claim against the wrong custodian. 4 Cooley on Taxation (4th Ed.) 3212 Sec. 1006; 51 Am. Jur. 845, Taxation, Sec. 965.

(2) Your second question assumes that the Highway Department withholds the benefits of the Farm-to-Market Road Program solely for the reason of enforcing the collection of non-resident fees from the counties.

In matters of judgment touching upon the Highway Commissioners' functions, theirs, and not that of another, is supreme. Their acts in the exercise of an honest discretion, untainted by fraud, accident or mistake occurring in their performance, or abuse of discretion as under the authorities would avoid the same, must be respected. Bobbitt v. Gordon, 108 S.W.2d 234 (Tex.Civ.App. 1937). The Highway Department's fund from which it pays for the Farm-to-Market Road Program receives its moneys from various sources, including the federal government. The moneys provided by the motor vehicle taxes and allocated to the Department by Article 7083a (4-b) V.C.S. supplies a good portion of the money used in the program as well as the legislature's mandate to the Highway Department as to how the money should be spent. This

statute states in part:

"These funds shall be expended on a system of roads selected by the State Highway Department after consultation with the county commissioners courts of the counties of Texas relative to the most needed unimproved rural roads in the counties involved. The selections shall be made in a manner to insure equitable and judicious distribution of funds and work among the several counties of the State."

A similar statutory mandate to the commissioners' courts in their expenditures, Article 6740, V.C.S., was discussed in Stovall v. Shivers, 103 S.W.2d 363 (Tex. Comm. App. 1937). In the light of the discussion by the Court in this latter cited case, and in view of the assumption that no consideration was taken of the roads' needs in withholding their Farm-to-Market Road Program, it is our opinion that the Highway Department does not have authority to withhold the Program under the assumed state of facts.

(3) The Highway Department has a valid claim against the County for the unlawfully collected non-resident Registration fees and the County is authorized to pay this claim. Article 2351-10, V.C.S.

SUMMARY

Non-resident registration fees, unlawfully collected, should be paid over to the State Highway Department. The State Highway Department is not authorized to withhold the Farm-to-Market Road Program from a county solely as a means to collect the non-resident fees from said county. The county is authorized to pay the Highway Department any lawful claim exerted by the Department against the county.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

W. V. Geppert
Taxation Division

Willis E. Gresham
Reviewer

By William W. Guild
Assistant

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General