

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 29, 1960

Mr. Nolan Queen
County Attorney
Parker County Courthouse
Weatherford, Texas

Opinion No. WW-872

Re: Interpretation of Arti-
cle 6711, Vernon's Civil
Statutes.

Dear Mr. Queen:

     Your letter requesting information concerning Article 6711, Vernon's Civil Statutes, authorizing the establishment of roads connecting isolated property to the county road system has been directed to this office for reply.

     In your letter you pose four questions. In answering, each question will be repeated below, along with the opinion of this Department as to its proper answer.

     Your first question is,

     "Is Article 6711 mandatory or directory?"

     It would be inaccurate to describe the statute, in its entirety, as being either "mandatory" or "direc-tory". The statute lists certain procedures which must be followed, and directs some actions of the county commis-sioners. However, the order which may be issued by the Commissioners' Court after hearing the evidence is subject to the discretion of the court.

     Your second question is,

     "Whether Article 6711 is mandatory or directory, if a Commissioners' Court acts affirmatively upon a Petition in-voking said article, is it required that the said road be constructed to any point further than the Petitioner's property line?"

Paragraph 1 of Article 6711 reads in part,

"One . . . who desires an access road connecting his said land with the county public road system, may make a sworn application. . ." (Emphasis added).

In Paragraph 3, the following language appears:

". . . if it appears that the said applicants have no means of access to their lands and premises . . ." (Emphasis added).

This use of the words "connecting" and "to" indicates that a road authorized by this statute is one which runs from the property line of the isolated land across intervening lands to a county road. The road ends at the property line of the land to be connected to the county road system. (See Phillips v. Nauman, 275 S.W. 2d 464, 468, Tex. Sup. Ct. 1955).

Your third question is,

"Is the Petitioner required to reside on the property to which he requires a road under Article 6711?"

As Paragraph 1 of Article 6711 read prior to 1953, ten freeholders, or one or more persons living within an enclosure, were authorized to make application for a road to the enclosed land. The statute was amended in 1953, eliminating the requirements given above and giving the statute its present reading. As Paragraph 1 now reads, residence upon the land to which a road is sought is not necessary. The only requirement is that the person or corporation making application for a road must own the land which the road requested is to connect to the county road system.

Your fourth question is,

"Can a public necessity exist when the Petitioner alleges only his invididual need for the public highway? What is meant by 'public necessity'?

Sections 2 and 3 of the amendatory Act of 1953, are as follows:

> "Sec. 2. It is the purpose of this Act to make accessible to the public, properties belonging to such private individuals as have been deprived, or may be deprived, of any means of access to their said properties from the county public road system, and which properties are not now accessible to the general public, by establishing such roads over the most economical and convenient route to be determined as hereinabove set out.

> "Sec. 3. The fact that citizens and landowners in this State have been deprived of a means of access to their properties by actions of various governing bodies in condemnation proceedings and by other means beyond their control creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be, and the same is hereby suspended, and this Act shall be in full force and effect from and after its passage, and it is so enacted."

When speaking of the authority of the Commissioners' Court, the court in <u>Bradford v. Moseley</u>, 223 S.W. 171 (Comm. App. 1920), stated:

> "Among other powers conferred and duties imposed upon them is 'to lay out and establish, change and discontinue public roads and highways'. . . . They are given power to, and it is made their duty to, order the laying out and opening of public roads when necessary. . . . Being created by express constitutional provision, they are not courts of limited and special jurisdiction, but courts of general jurisdiction in the sphere of the powers conferred on them.

> " . . .

> "Latitude and discretion is allowed commissioners' courts in the matter of opening roads, and, it being their duty to open roads 'when necessary', they may act upon their own motion."

The court also said:

> "What is a public road is in a meas-
> ure dependent on the facts of each parti-
> cular case, but the character of a road
> does not depend on its length, nor upon
> the place to which it leads, nor is its
> character determined by the number of
> people who actually travel upon it . . .
> A road may be established which is a
> cul-de-sac . . . A road open to the public
> is a public road, though one person may be
> most benefited by it . . . It is a highway
> if there is a general right to use it for
> travel, and if it is open to the use of all
> the people."

The quoted sections of Article 6711 clearly in-
dicate the intent of the Legislature in adopting amendments
to the statute. The statute as amended is to remedy the
situation existing when land owned by a person or corpora-
tion is so surrounded by other land owned by other persons
or corporations that it may not be reached without crossing
private property. This statute authorizes the connection
of such isolated land with the county road system.

Bradford v. Moseley, quoted above, states plain-
ly that a road which is open to public travel is a "public
road" regardless of whether it is a cul-de-sac, dead-ending
at the property line of privately owned land, and regardless
of whether the road is of more benefit to one person than it
is to others. And the Commissioners' Court has the power
and the duty to lay out and establish such public roads as
it may regard as necessary and desirable.

## SUMMARY

(1)  Article 6711, Vernon's Civil Statutes,
     contains both mandatory and directory
     provisions.

(2)  A road established by a Commissioners'
     Court under the authority of Article
     6711 can extend only to the property
     line and no further into the property
     being connected to the county road
     system.

(3) It is not necessary that anyone reside upon the land to which a road is sought under Article 6711.

(4) A "public road" is any road upon which the general public has a right to travel. A Commissioners' Court has the power and the duty to establish a public road wherever it feels such a road is necessary.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Phocion S. Park III*

Phocion S. Park, III
Assistant Attorney General

PSP:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Mitchell Stevens
Thomas Burrus
C. Dean Davis
Tom I. McFarling

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore